No. 26-1325

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT

AMERICAN ACADEMY OF PEDIATRICS; AMERICAN COLLEGE OF
PHYSICIANS, INC.; AMERICAN PUBLIC HEALTH ASSOCIATION;
INFECTIOUS DISEASES SOCIETY OF AMERICA; SOCIETY FOR
MATERNAL-FETAL MEDICINE; JANE DOE; MASSACHUSETTS PUBLIC
HEALTH ASSOCIATION, d/b/a Massachusetts Public Health Alliance;
MASSACHUSETTS CHAPTER OF THE AMERICAN ACADEMY OF
PEDIATRICS, INC.; JANE DOE 2; JANE DOE 3,

Plaintiffs-Appellees,

v.

ROBERT F. KENNEDY, JR., in the official capacity as Secretary of the Department
of Health and Human Services; UNITED STATES DEPARTMENT OF HEALTH
AND HUMAN SERVICES; MARTIN MAKARY, in the official capacity as
Commissioner of the Food and Drug Administration; US FOOD & DRUG
ADMINISTRATION; JAY BHATTACHARYA, in the official capacity as Director
of the National Institutes of Health; NATIONAL INSTITUTES OF HEALTH; JAY
BHATTACHARYA, in the official capacity as Acting Director of Centers for Disease
Control and Prevention; CENTERS FOR DISEASE CONTROL AND
PREVENTION; DOES 1-50, Inclusive,

Defendants-Appellees,

ANDREA SHAW; SHANTICIA NELSON; PAUL THOMAS; KENNETH
STOLLER; CHILDRENS HEALTH DEFENSE,

Movants-Appellants

On Appeal from the United States District Court
for the District of Massachusetts

**DEFENDANTS-APPELLEES' MOTION FOR SUMMARY AFFIRMANCE**

# TABLE OF CONTENTS

INTRODUCTION.................................................................................................... 1

STATEMENT........................................................................................................... 2

      I.      Rules Framework............................................................................ 2

      II.     Factual Background........................................................................ 3

      III.    Prior Proceedings .......................................................................... 4

LEGAL STANDARDS ............................................................................................ 6

ARGUMENT ........................................................................................................... 7

SUMMARY AFFIRMANCE IS WARRANTED BECAUSE THE DISTRICT
COURT DID NOT ABUSE ITS DISCRETION IN DENYING THE
MOTION TO INTERVENE. ................................................................................... 7

      I.      The District Court Properly Denied Intervention as of Right. ................. 7

      II.     The District Court Likewise Properly Denied Permissive
            Intervention.................................................................................. 11

CONCLUSION ...................................................................................................... 13

CERTIFICATE OF COMPLIANCE ..................................................................... 14

CERTIFICATE OF SERVICE .............................................................................. 14

# TABLE OF AUTHORITIES

**Cases:**                                                                                      **Page(s)**

*Arizona v. California*,
    530 U.S. 392 (2000) ........................................................................................ 10

*Daggett v. Commission on Governmental Ethics & Election Pracs.*,
    172 F.3d 104 (1st Cir. 1999) ...................................................................... 6, 11

*Howard v. Bisenius*,
    No. 24-1502, 2025 WL 3459349 (1st Cir. Aug. 11, 2025) ......................................... 6

*In re Thompson*,
    965 F.2d 1136 (1st Cir. 1992) ........................................................................ 11

*Kuzinich v. County of Santa Clara*,
    689 F.2d 1345 (9th Cir. 1982) ........................................................................ 10

*Public Serv. Co. of N.H. v. Patch*,
    136 F.3d 197 (1st Cir. 1998) .......................................................................... 9

*Santiago-Martínez v. Fundación Damas, Inc.*,
    93 F.4th 47 (1st Cir. 2024) .......................................................................... 10

*Students for Fair Admissions, Inc. v. President & Fellows of Harvard Coll.*,
    308 F.R.D. 39 (D. Mass.), *aff'd*, 807 F.3d 472 (1st Cir. 2015) .................................. 11

*T-Mobile Ne. LLC v. Town of Barnstable*,
    969 F.3d 33 (1st Cir. 2020) .................................................... 6, 7, 8, 9, 11, 12

*Thomas v. Harder*,
    No. 23-35456, 2024 WL 4403868 (9th Cir. Oct. 4, 2024) ......................................... 4

*United States v. Department of Corr.*,
    No. 19-1739, 2021 WL 4520634 (1st Cir. Feb. 22, 2021) ................................. 6, 7, 12

*University of Tex. v. Camenisch*,
    451 U.S. 390 (1981) ................................................................................. 10

*Victim Rts. L. Ctr. v. Rosenfelt*,
    988 F.3d 556 (1st Cir. 2021) ....................................................................... 8, 9

**Statutes:**

15 U.S.C. § 1125 ....................................................................................... 5

42 U.S.C. § 1983 ................................................................................................. 5

**Rules:**

Fed. R. Civ. P. 24 ......................................................................... 3, 8, 9, 11

## INTRODUCTION

In this action under the Administrative Procedure Act (APA), plaintiffs challenge various actions taken by various federal officials relating to the government's immunization recommendations and the membership of the Advisory Committee on Immunization Practices.  Defendants in the action are Robert F. Kennedy, Jr., in his official capacity as Secretary of Health and Human Services; the U.S. Department of Health and Human Services (HHS); Martin Makary, in his official capacity as Commissioner of Food and Drugs; the Food and Drug Administration (FDA); Jay Bhattacharya, in his official capacity as Director of the National Institutes of Health (NIH); the NIH; Jay Bhattacharya, in his official capacity as the Senior Official Carrying out the Delegable Duties of the Director of the Centers for Disease Control and Prevention (CDC); and the CDC.[1]  Movants-appellants Andrea Shaw, Shanticia Nelson, Dr. Paul Thomas, Dr. Kenneth Stoller, and Children's Health Defense moved to intervene in district court over the objection of all parties, but the district court denied intervention and invited movants to participate as amici curiae, which they did.  The district court later granted plaintiffs' motion for preliminary relief.  Movants have appealed the court's order denying intervention and have

---

[1] NIH, its Director, FDA, and its Commissioner (*i.e.*, the Commissioner of Food and Drugs) were dropped as defendants when plaintiffs filed the third amended complaint.  Dkt. No. 139.  They are no longer parties below, Dkt. No. 245, and were not parties at the time of either of the orders ostensibly at issue here, *see, e.g.*, Dkt. Nos. 271, 291.  HHS, its Secretary, CDC, and its Director remain defendants.

attempted to appeal the order granting preliminary relief. They previously asked this Court for an emergency stay pending resolution of their appeal (Mot.), which the Court denied sua sponte. Order (Apr. 9, 2026).

The record makes clear that movants' arguments in favor of intervention lack merit and that their appeal of the district court's denial of intervention would present no substantial question for this Court to resolve. Because the interests of judicial economy are best served by terminating movants' appeal now, the government moves for summary affirmance of the district court's order denying intervention. *See* L.R. 27.0(c) (authorizing the Court to summarily dispose of an appeal "[a]t any time").

Nothing in this filing should be misconstrued as agreeing that the district court's order of preliminary relief was proper or denying that the order is causing irreparable harm to the government. Defendants' time for appealing that order has not yet run. The issue here is narrow: whether the district court abused its discretion in denying the motion to intervene. As movants cannot demonstrate that the court improperly denied their motion to intervene, they are not parties to the litigation and cannot bring their own independent appeal of the court's order granting preliminary relief.

## STATEMENT

### I.  Rules Framework

On timely motion, the district court will grant intervention of right if the movant demonstrates:  (1) an unconditional right to intervene by federal statute; or

2

(2) claims an interest relating to the property or transaction that is the subject of the action and is so situated that disposing of the action may as a practical matter impair or impede its ability to protect its interest, unless existing parties adequately represent that interest.  Fed. R. Civ. P. 24(a).  Alternatively, on timely motion, the court may permit anyone to intervene who:  (1) is given a conditional right to intervene by federal statute; or (2) has a claim or defense that shares with the main action a common question of law or fact.  Fed. R. Civ. P. 24(b).

## II.    Factual Background

As asserted by movants, movants are: Andrea Shaw, whose twin children died after receiving certain vaccines; Shanticia Nelson, whose daughter died after receiving certain vaccines; Dr. Paul Thomas, whose license was suspended after he published a study pertaining to vaccines; Dr. Kenneth Stoller, whose license was revoked purportedly for deviating from Advisory Committee on Immunization Practices (ACIP) guidelines; and Children's Health Defense, which publishes books, daily news, and educational programming on vaccine safety and views itself as a competitor to plaintiff American Academy of Pediatrics.  Dkt. No. 250, at 4-5.  Movants object to U.S. vaccine policy and have brought various lawsuits pertaining to vaccine policy or related issues.  *See, e.g.*, *Shaw et al. v. American Acad. of Pediatrics*, No. 26-cv-00171 (D.D.C. filed Jan. 21, 2025) (brought by the same five appellants here; motion to dismiss filed Apr. 3, 2026); *Thomas et al. v. Monarez*, No. 25-cv-02685 (D.D.C. filed Aug. 15, 2025) (brought by Drs. Thomas and Stoller; motion to dismiss filed Feb. 20,

3

2026); *Thomas v. Harder*, No. 23-35456, 2024 WL 4403868, at *1 (9th Cir. Oct. 4, 2024) (unpublished opinion) (affirming dismissal of Dr. Thomas's claims against members of the Oregon Medical Board), *cert. denied*, 145 S. Ct. 1430 (2025).

### III.    Prior Proceedings

Plaintiffs American Academy of Pediatrics, American College of Physicians, Inc., American Public Health Association, Infectious Diseases Society of America, Massachusetts Public Health Association d/b/a Massachusetts Public Health Alliance, Society for Maternal-Fetal Medicine, and one Jane Doe pregnant physician initially filed suit on July 7, 2025.  Dkt. No. 1.  In the operative Fourth Amended Complaint, the same plaintiffs, joined by the Massachusetts Chapter of the American Academy of Pediatrics and two additional Jane Doe plaintiffs, challenge six actions related to vaccines.  Dkt. No. 245, at 2.  These are:  (1) the Secretary's May 2025 Directive regarding the COVID-19 vaccine for children and pregnant women; (2) HHS's adoption of the ACIP's June 2025 recommendation to remove thimerosal as an ingredient in the influenza vaccine; (3) CDC's adoption of the ACIP's September 2025 recommendation on the COVID-19 vaccine; (4) CDC's adoption of the ACIP's December 2025 recommendation on the hepatitis B vaccine; (5) CDC's January 2026 vaccine recommendations; and (6) recent changes to the membership of the ACIP. Dkt. No. 245, at 2-4.

Plaintiffs moved for a preliminary injunction.  Dkt. No. 183.  Five days after the first of two hearings on plaintiffs' preliminary injunction motion, and while that

4

motion was still under advisement, *see* Dkt. No. 241, movants filed an emergency motion to intervene, Dkt. No. 248.  Accompanying the motion to intervene was a proposed answer to the complaint, complete with counterclaims against some, but not all, of the plaintiffs.  Dkt. No. 248-1.  The four counterclaims were styled as: (1) declaratory judgment – cumulative childhood schedule safety; (2) false advertising under the Lanham Act, 15 U.S.C. § 1125(a); (3) 42 U.S.C. § 1983 – compelled speech (First Amendment); and (4) 42 U.S.C. § 1983 – listener's rights (First Amendment). Dkt. No. 248-1, at 31-35.  None of these counterclaims resemble the subject matter of plaintiffs' claims against defendants, which exclusively relate to alleged violations of the APA.  Dkt. No. 245, at 81-85.  Movants also filed a five-page brief opposing plaintiffs' pending motion for a preliminary injunction.  Dkt. No. 263.

As ordered by the district court, Dkt. No. 262, defendants filed an opposition to the motion to intervene, Dkt. No. 267, as did plaintiffs, Dkt. No. 268.  The court denied the intervention motion in a minute order and welcomed movants to file a brief as amicus curiae.  Dkt. No. 271.  The movants did so.  Dkt. No. 281.  The court then granted plaintiffs' motion for preliminary relief.  Dkt. No. 291.  The court discussed movants' amicus brief in a footnote.  Dkt. No. 291, at 41 n.75.  The court noted that movants "raise[d] concerns about the safety of many of the vaccinations at issue" and that, "[w]hile the vaccinations may pose some health risk to some individuals, [movants'] proffered evidence does not demonstrate that the risks outweigh the broader benefits of the vaccines."  *Id.*  The court concluded that "[o]n

5

the record currently before the Court, the Court finds Plaintiffs' and the other amici's evidence more compelling on the public health risks." *Id.* Movants filed a notice of appeal from the denial of their motion to intervene and from the court's order granting preliminary relief. Dkt. No. 297.

## LEGAL STANDARDS

The Court "review[s] a district court's denial of a motion for intervention as of right through an abuse-of-discretion lens," and it "use[s] the same abuse-of-discretion lens when reviewing the denial of a motion for permissive intervention." *T-Mobile Ne. LLC v. Town of Barnstable*, 969 F.3d 33, 38 (1st Cir. 2020). Especially with respect to permissive intervention, the district "court 'enjoys very broad discretion in granting or denying such a motion.'" *Id.* at 40-41 (citation modified) (quoting *Daggett v. Commission on Governmental Ethics & Election Pracs.*, 172 F.3d 104, 113 (1st Cir. 1999)).

The Court "may summarily affirm if [an] appeal presents 'no substantial question.'" *Howard v. Bisenius*, No. 24-1502, 2025 WL 3459349, at *1 (1st Cir. Aug. 11, 2025) (unpublished opinion) (quoting L.R. 27.0(c)); *see also United States v. Department of Corr.*, No. 19-1739, 2021 WL 4520634, at *3 (1st Cir. Feb. 22, 2021) (unpublished opinion) (summarily affirming denial of motion to intervene).

6

## ARGUMENT

## SUMMARY AFFIRMANCE IS WARRANTED BECAUSE THE DISTRICT COURT DID NOT ABUSE ITS DISCRETION IN DENYING THE MOTION TO INTERVENE.

Summary affirmance of an order denying intervention is appropriate if the Court finds that the appellant's argument that the district court abused its discretion is "meritless" and therefore presents "[n]o substantial issue for review." *United States v. Department of Corr.*, No. 19-1739, 2021 WL 4520634, at \*3 (1st Cir. Feb. 22, 2021) (unpublished opinion). Here, the conclusion is inescapable that the district court acted well within its discretion in denying movants' motion to intervene. Indeed, it would have been an abuse of discretion to permit intervention.

## I. The District Court Properly Denied Intervention as of Right.

"To prevail on a motion for intervention as of right, a putative intervenor must demonstrate (1) the timeliness of her motion; (2) a concrete interest in the pending action; (3) 'a realistic threat' that resolution of the pending action will hinder her ability to effectuate that interest; and (4) the absence of adequate representation by any existing party." *T-Mobile Ne. LLC v. Town of Barnstable*, 969 F.3d 33, 39 (1st Cir. 2020). "It is black letter law that a failure to satisfy any one of these four requirements sounds the death knell for a motion to intervene as of right." *Id.* Here, movants failed to establish at least two of the four elements.

**1.** *First*, movants asserted an interest in preventing the restoration of the "prior [immunization] schedule." Dkt. No. 249, at 3-4. But defendants "adequately

7

represent that interest." Fed. R. Civ. P. 24(a)(2). The point is proved by defendants' full-throated defense of CDC's modifications to the immunization schedule and opposition to plaintiffs' bid for preliminary relief. *See, e.g.*, Dkt. Nos. 232, 272.

For movants to nonetheless "intervene as a defendant alongside a government entity," the "burden of persuasion is ratcheted upward." *Victim Rts. L. Ctr. v. Rosenfelt*, 988 F.3d 556, 561 (1st Cir. 2021) (quotation omitted). The Court presumes "the government will defend adequately its action" and thus "requires a strong affirmative showing that the agency … is not fairly representing the applicants' interests." *Id.* (quotation omitted); *see also T-Mobile*, 969 F.3d at 39 ("[T]he presumption that a governmental entity defending official acts adequately represents the interests of its citizens applies full-bore, given the Town's vigorous, no-holds-barred defense of its refusal to grant a variance or other regulatory relief to T-Mobile."). At most, movants have established that they would have pursued a different "litigation strategy," one focused on the "harm" of the prior schedule rather than "the Secretary's legal authority" to modify the schedule. Dkt. No. 249, at 5-6; *see* Mot. 16-17. But just because "the government has failed to make … arguments that [movants] would make" does not establish that "the government's representation is inadequate." *Victim Rts. L. Ctr.*, 988 F.3d at 561. Indeed, despite ultimately disagreeing with the government on certain issues, the district court found that the government's representation was more than adequate, a finding which movants have failed to demonstrate was clear error. *See* Dkt. No. 86, at 18:2-15 ("I think the government

officials are well-represented here by counsel that we've been talking with this morning.").

"Nor is perfect identity of motivational interests between the movant-intervenor and the government necessary to a finding of adequate representation." *Victim Rts. L. Ctr.*, 988 F.3d at 562. All that matters is that defendants and movants "share the same ultimate goal." *T-Mobile*, 969 F.3d at 39. Here, they do: to defend against plaintiffs' attempt to restore immunization recommendations that were in place before the challenged actions.

**2.** *Second*, movants did not show that "disposing of [this] action" will "impair or impede [their] ability to protect [their] interest." Fed. R. Civ. P. 24(a)(2). Movants fear that the order granting preliminary relief will "prejudice[] their pending [Racketeer Influenced and Corrupt Organizations Act (RICO)] claims" in *Shaw v. American Academy of Pediatrics*, No. 26-cv-00171 (D.D.C. filed Jan. 21, 2025). Dkt. No. 249, at 4. But their right to pursue this separate litigation in a different circuit "is not in jeopardy," nor would any preliminary order in this case "impede[] this entitlement in any real sense." *Public Serv. Co. of N.H. v. Patch*, 136 F.3d 197, 207 (1st Cir. 1998). The same is true for Drs. Thomas and Stoller's "efforts to restore their [medical] practices" and Children's Health Defense's ability to publish "vaccine-related health information." Dkt. No. 249, at 5.

Even if the district court in this case had made a "factual finding" in resolving a motion for preliminary relief that the previous immunization schedule was "rigorously

tested," Mot. 16—which it did not do—such a finding would not prevent movants from establishing otherwise in their own litigation. *See Arizona v. California*, 530 U.S. 392, 414 (2000) (noting "the general rule that issue preclusion attaches only '[w]hen an issue of fact or law is actually litigated and determined by a valid and final judgment'" (alteration in original)); *University of Tex. v. Camenisch*, 451 U.S. 390, 395 (1981) (explaining that "the findings of fact and conclusions of law made by a court granting a preliminary injunction are not binding" even on the court that made them); *see also, e.g.*, *Kuzinich v. County of Santa Clara*, 689 F.2d 1345, 1350-51 (9th Cir. 1982) (noting that "issues litigated in a preliminary injunction action are not res judicata and do not form a basis for collateral estoppel").

Nor would a final judgment for plaintiffs prejudice movants' RICO claims, Drs. Thomas and Stoller's efforts to restore their medical practices, or Children's Health Defense's ability to publish vaccine-related health information. Issue preclusion would not apply to movants if they are not parties to this litigation. *See Santiago-Martínez v. Fundación Damas, Inc.*, 93 F.4th 47, 51 (1st Cir. 2024) ("[I]ssue preclusion does not usually apply to those not party to the relevant prior litigation."). Accordingly, movants have not satisfied all requirements to intervene as of right, and the district court properly denied their motion for intervention. Indeed, it could not have concluded otherwise.

10

## II.    The District Court Likewise Properly Denied Permissive Intervention.

Federal Rule of Civil Procedure 24 permits a district court to allow the intervention of a party who "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). The district court "enjoys very broad discretion in granting or denying" permissive intervention. *T-Mobile*, 969 F.3d at 40-41 (quoting *Daggett*, 172 F.3d at 113). As previously noted, movants have "made no showing that the [government] would fail to represent their interests adequately," a failure as relevant to permissive intervention as to intervention by right. *See id.* at 41; *In re Thompson*, 965 F.2d 1136, 1142 n.10 (1st Cir. 1992). Further, movants' attempt to intervene would "unduly delay or prejudice the adjudication of the" current claims. Fed. R. Civ. P. 24(b)(3). This is an APA case that will be resolved, at summary judgment, on the basis of the administrative record. But adjudication of movants' four counterclaims against some of the plaintiffs, Dkt. No. 248-1, at 31-35, would open up the prospects of civil discovery and a full-blown trial on the merits. In other words, intervention "would add undue delay, cost, and complexity to these proceedings." *Students for Fair Admissions, Inc. v. President & Fellows of Harvard Coll.*, 308 F.R.D. 39, 52 (D. Mass.), *aff'd*, 807 F.3d 472 (1st Cir. 2015). Movants cannot now run away from their efforts to litigate counterclaims against some of the plaintiffs. *See* Mot. 15. The district court appropriately considered the motion that they brought, not any fallback position that they may raise for the first

11

time on appeal. *See, e.g.*, Dkt. No. 248, at 6 (requesting that the district court "[g]rant this Motion to Intervene and accept the accompanying Proposed Answer to the Fourth Amended Complaint with Affirmative Defenses and Counterclaims").

Movants now complain (at Mot. 17) that "[t]he amicus invitation proved inadequate" because the district court "did not cite the amicus brief" and "dismissed the underlying evidence in footnote 75." But the court did cite movants' brief, in the very footnote they cite, *see* Dkt. No. 291, at 41 n.75 (citing "Dkt. 281"), and the fact that the court found evidence offered by plaintiffs and other amici to be "more compelling" (*id.*) does not show that the court "dismissed" movants' evidence, much less that it erred in denying them party status. Moreover, even if amicus participation were less effective than participating as a party, the court's decision to deny permissive intervention left movants no worse off overall because they may raise all their counterclaims in their pending case in the District of Columbia.

Because there is "no principled way for [this Court] to say that the district court abused its discretion" in denying the motion for intervention, that order must be affirmed. *T-Mobile*, 969 F.3d at 42. And because that outcome is clear now, summary affirmance is appropriate. *See Department of Corr.*, 2021 WL 4520634, at *3 (summarily affirming denial of motion to intervene).

# CONCLUSION

For the foregoing reasons, the government respectfully requests that the Court summarily affirm the denial of movants' motion to intervene.

Respectfully submitted,

BRETT A. SHUMATE
*Assistant Attorney General*

LEAH B. FOLEY
*United States Attorney*

THOMAS PULHAM

*s/ Douglas C. Dreier*
DOUGLAS C. DREIER
*Attorneys, Appellate Staff*
*Civil Division, Room 7264*
*U.S. Department of Justice*
*950 Pennsylvania Avenue NW*
*Washington, DC 20530*
*(202) 514-4452*
*douglas.c.dreier@usdoj.gov*

April 2026

13

## CERTIFICATE OF COMPLIANCE

This motion complies with the type-volume limit of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 2,989 words.  It also complies with the typeface and type-style requirements of Federal Rule of Appellate Procedure 32(a)(5)-(6) because it was prepared using Word for Microsoft 365 in Garamond 14-point font, a proportionally spaced typeface.

*s/ Douglas C. Dreier*
DOUGLAS C. DREIER

## CERTIFICATE OF SERVICE

I hereby certify that on April 15, 2026, I electronically filed the foregoing motion for summary affirmance with the Clerk of the Court for the United States Court of Appeals for the First Circuit by using the appellate CM/ECF system. Service will be accomplished by the appellate CM/ECF system.

*s/ Douglas C. Dreier*
DOUGLAS C. DREIER