No. 26-1325

# UNITED STATES COURT OF APPEALS
# FOR THE FIRST CIRCUIT

AMERICAN ACADEMY OF PEDIATRICS; AMERICAN COLLEGE OF PHYSICIANS, INC.; AMERICAN PUBLIC HEALTH ASSOCIATION; INFECTIOUS DISEASES SOCIETY OF AMERICA; SOCIETY FOR MATERNAL-FETAL MEDICINE; JANE DOE; MASSACHUSETTS PUBLIC HEALTH ASSOCIATION d/b/a Massachusetts Public Health Alliance; MASSACHUSETTS CHAPTER OF THE AMERICAN ACADEMY OF PEDIATRICS, INC.; JANE DOE 2; and JANE DOE 3,

*Plaintiffs-Appellees,*

v.

ROBERT F. KENNEDY, JR., in his official capacity as Secretary of the Department of Health and Human Services; UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES; JAY BHATTACHARYA, in his official capacity as Acting Director of Centers for Disease Control and Prevention; CENTERS FOR DISEASE CONTROL AND PREVENTION; and DOES 1–50, inclusive,

*Defendants-Appellees.*

MARTIN MAKARY, in the official capacity as Commissioner of the Food and Drug Administration; US FOOD & DRUG ADMINISTRATION; JAY BHATTACHARYA, in the official capacity as Director of the National Institutes of Health; NATIONAL INSTITUTES OF HEALTH,

*Defendants,*

ANDREA SHAW, SHANTICIA NELSON, DR. PAUL THOMAS, DR. KENNETH STOLLER, and CHILDREN'S HEALTH DEFENSE, *Movants – Appellants*

**PLAINTIFFS-APPELLEES' PARTIAL MOTION TO DISMISS APPELLANTS' APPEAL FROM THE DISTRICT COURT'S MARCH 16, 2026 PRELIMINARY-INJUNCTION ORDER**

## PLAINTIFFS-APPELLEES' RULE 26.1
## CORPORATE DISCLOSURE STATEMENT

Plaintiffs-Appellees submit this Disclosure Statement Pursuant to Federal Rules of Appellate Procedure 26.1:

1.      Plaintiff–Appellee American Academy of Pediatrics is a non-profit corporation, has no parent corporation, and no publicly-held corporation owns any interest in the American Academy of Pediatrics.

2.      Plaintiff–Appellee American College of Physicians has no parent corporation, and no publicly-held corporation owns any interest in American College of Physicians.

3.      Plaintiff–Appellee American Public Health Association is a 501(c)(3) nonprofit membership organization, has no parent corporation, and no publicly-held corporation owns any interest in American Public Health Association.

4.      Plaintiff–Appellee Infectious Diseases Society of America is a non-profit corporation, has no parent corporation, and no publicly-held corporation owns any interest in Infectious Diseases Society of America.

5.      Plaintiff–Appellee Massachusetts Public Health Association is a nonprofit corporation, has no parent corporation, and no publicly-held corporation owns any interest in Massachusetts Public Health Association.

6.	Plaintiff–Appellee Society for Maternal-Fetal Medicine is a non-profit corporation, has no parent corporation, and no publicly-held corporation owns any interest in Society for Maternal-Fetal Medicine.

7.	Plaintiff–Appellee Massachusetts Chapter of the American Academy of Pediatrics is a non-profit corporation, is a member chapter of the American Academy of Pediatrics, and no publicly-held corporation owns any interest in Massachusetts Chapter of the American Academy of Pediatrics.

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ...................................................................................1

II. BACKGROUND ..................................................................................2

III. ARGUMENT .......................................................................................6

    A. Appellants Lack Standing To Appeal The Stay Order, And This Court Therefore Lacks Jurisdiction Over That Portion Of The Appeal. ........6

        1. Only Parties, Or Those Who Properly Become Parties, May Appeal An Adverse Merits Order. .............................................6

        2. Amicus Participation Does Not Confer Party Status Or Appellate Standing To Challenge The Stay Order. ....................................9

        3. Appellants' Limited Participation Below Coupled With A Generalized Interest In The Stay Order Does Not Confer The Appellate Standing Their Nonparty Status Forecloses. ............11

        4. A Collateral-Order Appeal From The Intervention Order Does Not Confer Standing To Appeal The Separate Stay Order.......13

    B. Appellants Cannot Obtain Party Status by Invoking Pendent Appellate Jurisdiction Over the Stay Order. ......................................................15

        1. The Stay Order Is Neither Inextricably Intertwined With Nor Necessary To Meaningful Review The Intervention Order. ....15

        2. Appellants May Not Bootstrap Review Of The Injunction Order Through Pendent Appellate Jurisdiction..................................18

    C. The District Court's Stay Order is Not Appealable by Appellants Under 28 U.S.C. § 1292(a)(1). ....................................................................19

IV. CONCLUSION ..................................................................................22

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Angelotti Chiropractic, Inc. v. Baker*,
791 F.3d 1075 (9th Cir. 2015) ...............................................................17

*Brenner v. Williams-Sonoma, Inc.*,
867 F.3d 294 (1st Cir. 2017)..................................................................6

*Brotherhood of R.R. Trainmen v. Balt. & O.R. Co.*,
331 U.S. 519 (1947).............................................................................14

*In re Christina Thompson*,
965 F.2d 1136 (1st Cir. 1992)...............................................................10

*Diamond v. Charles*,
476 U.S. 54 (1986)...............................................................................12

*Dopp v. HTP Corp.*,
947 F.2d 506 (1st Cir. 1991)...........................................................11, 12

*Finn v. Cobb Cnty. Bd. of Elections & Registration*,
111 F.4th 1312 (11th Cir. 2024) ...........................................................7

*Food & Drug Admin. v. All. for Hippocratic Med.*,
602 U.S. 367 (2024)..............................................................................12

*Hollingsworth v. Perry*,
570 U.S. 693 (2013)........................................................................11, 12

*K.W. ex rel. D.W. v. Armstrong*,
789 F.3d 962 (9th Cir. 2015) ................................................................17

*Kartell v. Blue Shield of Mass., Inc.*,
687 F.2d 543 (1st Cir. 1982)...........................................................18, 21

*Kolackovsky v. Town of Rockport*,
165 F.4th 114 (1st Cir. 2026)................................................................12

*Lopez v. Massachusetts*,
588 F.3d 69 (1st Cir. 2009).......................................................15, 16, 17, 19

iv

*Marino v. Ortiz*,
484 U.S. 301 (1988) (per curiam)................................................................*passim*

*Microsystems Software, Inc. v. Scandinavia Online AB*,
226 F.3d 35 (1st Cir. 2000)........................................................................*passim*

*Nuclear Regul. Comm'n v. Texas*,
605 U.S. 665, 679 (2025)..................................................................................8, 9

*Pub. Serv. Co. of N.H. v. Patch*,
136 F.3d 197 (1st Cir. 1998)................................................................................13

*Stringfellow v. Concerned Neighbors in Action*,
480 U.S. 370 (1987)..................................................................................13, 20

*Swint v. Chambers Cnty. Comm'n*,
514 U.S. 35 (1995).......................................................................................*passim*

*Swinton v. SquareTrade, Inc.*,
960 F.3d 1001 (8th Cir. 2020) ...........................................................................17

*In re Thompson*,
965 F.2d at 1141–42, n.15 ..................................................................................10

**Statutes**

5 U.S.C. § 705.......................................................................................................21

28 U.S.C. § 1291....................................................................................................5

28 U.S.C. § 1292(a)(1)...................................................................................*passim*

Administrative Procedure Act................................................................................2

Federal Advisory Committee Act ..........................................................................2

## I. **<u>INTRODUCTION</u>**

Plaintiffs-Appellees American Academy of Pediatrics, American College of Physicians, American Public Health Association, Infectious Diseases Society of America, Massachusetts Public Health Association d/b/a Massachusetts Public Health Alliance, the Society for Maternal-Fetal Medicine, the Massachusetts Chapter of the American Academy of Pediatrics, and Jane Does 1–3 (collectively, the "Plaintiff-Appellees") move to dismiss Movants-Appellants'[1] appeal of the District Court's March 16, 2026 Memorandum and Order on Plaintiffs' Motion for Preliminary Injunction, (the "Stay Order"), pursuant to Federal Rule of Appellate Procedure 27 and First Circuit Local Rule 27.0(c). Appendix of Evidence in Support of Plaintiff-Appellees' Partial Motion to Dismiss Appellants' Appeal ("App.") at 418 (District Ct. Dkt. No. 291).

Appellants do not have standing to appeal from the Stay Order because they were never parties to the underlying action; the District Court denied their emergency motion to intervene. *See* Electronic Order Den. Emergency Mot. to Intervene (the "Intervention Order")[2], App. at 284 (District Ct. Dkt. No. 271). It is

---

[1] Children's Health Defense ("CHD"), Andrea Shaw, Shanticia Nelson, Dr. Paul Thomas, and Dr. Kenneth Stoller (collectively, the "Appellants").

[2] The District Court permitted the Appellants to file an amicus brief with the Court, which they did on March 9, 2026. *See* Br. Amici Curiae in Opp'n to Mot. for Prelim. Inj. (the "Br. Amici"), App. at 287 (District Ct. Dkt. No. 281).

well-established in the First Circuit that only parties bound by a court ruling—or those who properly become parties—may seek appellate review of an adverse merits ruling. And Appellants cannot overcome their lack of standing by invoking the collateral-order doctrine. The collateral-order doctrine does not apply because the Stay Order is not sufficiently connected to an appealable order and therefore categorically not a pendent order.

## II. <u>BACKGROUND</u>

Plaintiff-Appellees filed the underlying action against Defendant-Appellees[3] in the United States District Court for the District of Massachusetts (the "District Court") to assert claims under the Administrative Procedure Act (the "APA") and the Federal Advisory Committee Act (the "FACA"), challenging as arbitrary, capricious, and contrary to law (1) the adoption of a new childhood vaccine schedule[4] on January 5, 2026, (2) the reconstitution of the Advisory Committee on

---

[3] Robert F. Kennedy Jr., in his official capacity as Secretary of the Department of Health and Human Services; United States Department of Health And Human Services ("HHS"); Jay Bhattacharya, in his official capacity as Acting Director of the Center for Disease Control and Prevention; Centers For Disease Control And Prevention; and DOES 1–50 Inclusive (collectively, the "Defendant–Appellees").

[4] As used herein, the phrase "adoption of a new childhood vaccine schedule on January 5, 2026" refers to Acting CDC Director Jim O'Neill's January 5, 2026 Decision Memo revising the CDC's Recommended Immunization Schedule for Child and Adolescent Ages 18 Years or Younger, which downgraded multiple long-standing routine pediatric vaccine recommendations to risk-based or shared-clinical-decision-making categories ("SCDM"), removed the second HPV dose and the HepB birth dose for certain infants, and narrowed the age-based SCDM

Immunization Practices ("ACIP") during 2025 and 2026, (3) the Centers for Disease Control and Prevention's ("CDC") adoption of ACIP's recommendations on Hepatitis B birth dose, Covid vaccines, and the use of thimerosal in vaccines, and (4) HHS's May 27, 2025 Secretarial Directive (the "Directive"), which rescinded the CDC's recommendation that healthy pregnant individuals and children receive the COVID-19 vaccine (the "District Court Action"). *See* Fourth Am. Compl., App. at 52 (District Ct. Dkt. No. 245).

On February 18, 2026, Appellants moved to intervene as putative defendants and counterclaim plaintiffs in the District Court Action. *See* Emergency Mot. of Children's Health Defense, Andrea Shaw, Shanticia Nelson, Dr. Paul Thomas, and Dr. Kenneth Stoller to Intervene as Defs. and Countercl. Pls., App. at 141 (District Ct. Dkt. No. 248); Mem. Law Supp. of Mot. to Intervene, App. at 188 (District Ct. Dkt. No. 249). Both Plaintiff-Appellees and Defendant-Appellees opposed Appellants' proposed intervention. *See* Defs.' Mem. Opp'n to Emergency Mot. of Children's Health Defense, Andrea Shaw, Shanticia Nelson, Dr. Paul Thomas, and Dr. Kenneth Stoller to Intervene as Defs. and Countercl. Pls., App. at 197 (District Ct. Dkt. No. 267); Pls.' Opp'n to Emergency Mot. to Intervene, App. at 204 (District Ct. Dkt. No. 268).

---

recommendation for MenB—thereby reducing the number of vaccines recommended for all children from seventeen to eleven.

On February 27, 2026, the District Court denied Appellants' request to intervene but stated that Appellants were "welcome to file a brief as amicus curiae." *See* Intervention Order, App. at 284 (District Ct. Dkt. No. 271). Appellants, thereafter, filed an amicus brief opposing Plaintiff-Appellees' request for injunctive relief. *See* Br. Amici, App. at 287 (District Ct. Dkt. No. 281). That sequence matters. The District Court did not authorize Appellants to participate in the preliminary injunction proceedings as litigants; it expressly denied their request to do so and confined Appellants to the limited role of amici curiae. Appellants remained nonparties. The District Court considered Appellants' views as amici but never admitted them into the case as parties.

On March 16, 2026, the District Court granted Plaintiff-Appellees' request for injunctive relief in part. Specifically, the court stayed: "(i) the January 2026 Memo revising the CDC's childhood immunization schedule"; "(ii) the appointments of thirteen ACIP members"; and "(iii) all votes taken by the now-stayed ACIP." Stay Order, App. at 462 (District Ct. Dkt. No. 291). The Stay Order squarely addressed Plaintiff-Appellees' request for interim relief on their APA and FACA claims. The Court did not decide, revisit, or otherwise opine on whether Appellants should have been admitted as parties. *See id.* Those issues were properly disposed of in the Court's Intervention Order. App. at 284 (District Ct. Dkt. No. 271).

Nevertheless, on March 25, 2026, Appellants filed their Notice of Appeal, App. at 463 (District Ct. Dkt. No. 297), purporting to appeal from both the Intervention Order and the Stay Order. In that notice, Appellants treat that the two Orders are distinct decisions. The notice further proffers two different jurisdictional bases for the appeal: they describe the Intervention Order as "immediately appealable under the collateral order doctrine as a final decision within the meaning of 28 U.S.C. § 1291," while separately asserting that the Stay Order is appealable under 28 U.S.C. § 1292(a)(1). *Id.* at 1. Appellants' distinct treatment of the Orders underscores the standing defect now before this Court: Appellants, as proposed intervenors, may challenge the Intervention Order, but have no standing upon which to challenge the Stay Order on appeal.[5]

---

[5] Appellants' separate Emergency Motion, Dkt. No. 00118426790—which is now moot—remains illustrative of the same threshold jurisdictional defect. There, Appellants acknowledged that, "[i]f this Court declines pendent jurisdiction, the [Stay Order] is unreviewable." *Id.* at 19. But even as they asked this Court to reverse the Stay Order, grant "provisional party status pending appeal," and stay both the Stay Order and the District Court proceedings, *id.* at 20–21, Appellants failed to articulate appellate jurisdiction over the Stay Order. They relied instead on bare and conclusory assertions that the Intervention Order and the Stay Order are "inextricably intertwined," that the "collateral appeal necessarily implicates a pendent order," and that pendent appellate jurisdiction is therefore proper. *Id.* at 19. Appellants cited no authority and supplied no meaningful analysis in support of those propositions—nor can they. This omission is instructive to the instant notice of appeal.

## III. <u>ARGUMENT</u>

The issues before this Court are narrow: whether Appellants, who were never admitted as parties to the District Court Action, may appeal a subsequent merits order, and, if they cannot, whether they may nonetheless assert pendent appellate jurisdiction to challenge that order. Under well-settled law, the answer to both questions is a resounding no.

**A. Appellants Lack Standing to Appeal the Stay Order, And This Court Therefore Lacks Jurisdiction Over That Portion of the Appeal.**

**1. Only Parties, Or Those Who Properly Become Parties, May Appeal an Adverse Merits Order.**

"The rule that only parties to a lawsuit, or those that properly become parties, may appeal an adverse judgment, is well settled." *Marino v. Ortiz*, 484 U.S. 301, 304 (1988) (per curiam). The First Circuit applies the same rule with very limited exceptions.[6] *See Brenner v. Williams-Sonoma, Inc.*, 867 F.3d 294, 295–96 (1st Cir. 2017) (dismissing appeal where would-be appellant "never became a party to the action"); *Microsystems Software, Inc. v. Scandinavia Online AB*, 226 F.3d 35, 39

---

[6] The exceptions to the rule that only parties may appeal are "few and far between." *Microsystems Software, Inc. v. Scandinavia Online AB*, 226 F.3d 35, 40 (1st Cir. 2017). At most, *Microsystem*s contemplates narrow exceptions for true party-equivalents (i.e., individuals directly enjoined by an order), appeals from denials of intervention, and perhaps a highly specific order expressly directed to a nonparty. But it does not recognize appellate standing based solely on amicus participation, tangential involvement in the proceedings below, or a mere indirect interest in or incidental impact from, the judgment. *See id.* at 39–42.

(1st Cir. 2000) ("As a general rule, only parties to a civil action are permitted to appeal from a final judgment."); *see also Finn v. Cobb Cnty. Bd. of Elections & Registration*, 111 F.4th 1312, 1314 (11th Cir. 2024) (holding dismissed parties' subsequent participation as amicus did not constitute as participation for purposes of establishing nonparty appellate standing). The absence of standing is a death knell for Appellants' appeal.

A "party" includes those who were named parties to a case when judgment entered and those who "properly be[came] parties," through a successful motion to intervene. *Microsystems Software*, 226 F.3d at 39. Appellants do not fit within either narrow category. Appellants were not named parties in the underlying litigation when it commenced. What is more, when they sought to become parties, the District Court unequivocally denied Appellants' motion to intervene, closing the door fully on possible intervention. Intervention Order, App. at 284 (District Ct. Dkt. No. 271). The District Court did not treat Appellants as parties but rather confirmed their nonparty status by expressly limiting their role to that of an amici curiae. *Id.* Therefore, Appellants were neither parties to the matter when the District Court entered the denial motion nor have they been elevated to parties or non-party equivalents at any subsequent time.

This case is far from a close call. The First Circuit recognized in *Microsystems* that the exception to the general rule that nonparties may not appeal is quite narrow.

This exception is confined to instances where a nonparty whose motion to intervene is denied seeks appeal from the denial of intervention itself. *See Microsystems Software*, 226 F.3d at 40 (recognizing an exception permitting a nonparty to appeal the denial of intervention itself). In fact, *Microsystems* also made clear that the exception is no longer available when a nonparty seeks to appeal from some other order without ever having become a party. *See id.* at 39–43 (dismissing nonparties' appeal from an injunction order where they participated below but were never made parties, and declining to enlarge the narrow exceptions to the rule that party status is ordinarily required to appeal). This well-described exception underscores that while Appellants may challenge the Intervention Order, they lack standing to challenge any other order in the case.

Indeed, Appellants have exercised their right to timely appeal the District Court's denial of intervention—that portion of the Notice of Appeal is not at issue. What is at issue is their separate attempt to appeal from the Stay Order notwithstanding their failure to obtain party status. Because Appellants sought intervention, were denied, and remain nonparties, the *Microsystems* exception to the settled "only a party may appeal" rule is foreclosed to Appellants. *See id.* at 40–43; *Marino*, 484 U.S. at 304 (holding that "only parties to a lawsuit, or those that properly become parties, may appeal an adverse judgment"). The Supreme Court recently reinforced that point in *Nuclear Regulatory Commission v. Texas*:

a nonparty who wishes to appeal from a district court decision ordinarily must seek to intervene in the district court proceeding. If the district court denies that intervention motion, the nonparty may appeal the denial of intervention. But the nonparty **may not** obtain appellate review of any final order of the district court in the underlying proceeding unless and until the denial of intervention is reversed.

605 U.S. 665, 679 (2025) (emphasis added).

### 2. Amicus Participation Does Not Confer Party Status or Appellate Standing to Challenge the Stay Order.

The Supreme Court's recent decision in *Nuclear Regulatory Commission* is instructive. There, the Court held that the State of Texas and proposed-intervenor could not obtain judicial review of the Nuclear Regulatory Commission's licensing decision because neither was a party to the underlying licensing proceeding: Texas had merely submitted comments, and the proposed-intervenor had not successfully intervened. *Id.* at 676–78 (holding that entities "not . . . granted intervention" were not "parties" entitled to judicial review). The Court specifically rejected the notion that a nonparty's submission of information and views could substitute for party status, explaining that "participation by amici in a court proceeding does not make the amici parties [to the underlying case], even if the court invited such participation. *Id.* at 677.

This logic applies equally here. The District Court's invitation to Appellants to file an amicus brief afforded them an opportunity to present their views to the court; it did not make them parties or confer appellate standing to challenge the Stay

Order. *See Microsystems Software*, 226 F.3d at 42 (holding that "mere participation in the proceedings below" does not confer appellate standing on a nonparty); *In re Christina Thompson*, 965 F.2d 1136, 1141–42 & n.15 (1st Cir. 1992) (explaining that an opportunity to be heard below does not create appellate standing and noting that a nonparty denied intervention may still participate as amicus curiae); *Cobb Cnty. Bd. of Elections*, 111 F.4th at 1314 (holding dismissed parties' subsequent participation as amicus did not qualify as participation for purposes of establishing nonparty appellate standing). *In re Thompson*, 965 F.2d at 1141–42, n.15 (explaining that an opportunity to be heard below does not create appellate standing, and noting that a nonparty denied intervention may still file an amicus brief in the trial court).

*Microsystems* is again highly applicable. In *Microsystems*, the nonparty appellants filed special appearances, moved to quash subpoenas, opposed a party's motion for a preliminary injunction, and were even permitted to argue against entry of the injunction and to submit a supplemental memorandum in the district court. *Microsystems Software,* 226 F.3d at 38–39. Even so, because they had never been made *parties* to the case, the First Circuit dismissed their subsequent appeal from the injunction order. *Id.* at 42. The Court explained that nonparties who fail to gain party status (e.g., through intervention) lack standing to appeal, and that "a mere interest in the outcome of litigation" is not enough to confer appellate standing. *Id.* at 41–42. That principle forecloses any suggestion that Appellants' amicus filing

10

somehow supplied the party status they were denied under Rule 24; it merely confirms that they remained nonparties who were permitted to be heard, not parties entitled to appeal.

### 3. Appellants' Limited Participation Below Coupled with a Generalized Interest in the Stay Order Does Not Confer the Appellate Standing That Their Nonparty Status Forecloses.

Further, Appellants cannot avoid dismissal by bootstrapping amicus participation in the District Court proceedings with their claimed general interest in the Stay Order. Even coupled together, these interests do not confer standing to appeal. *Id.* at 42 ("[W]e reject the appellants' claim that participation below, even if coupled with an indirect interest in the judgment sought to be appealed, confers standing."). "[T]he fact that an order has an indirect or incidental effect on a non-party does not confer standing to appeal." *Dopp v. HTP Corp.*, 947 F.2d 506, 512 (1st Cir. 1991) "If the rule were otherwise, Pandora's jar would be open, and strangers to a litigated case could pop in and out of the proceedings virtually at will." *Id.*

The Supreme Court's Article III decisions reinforce the same point: a nonparty invoking appellate jurisdiction must assert their own legally cognizable stake in the judgment under review, and a generalized interest in defending a law, policy, or outcome will not suffice. *See Hollingsworth v. Perry*, 570 U.S. 693, 705–07 (2013) (holding that non-parties lacked standing to appeal where they

11

asserted only a generalized interest in defending the validity of the law); *Diamond v. Charles*, 476 U.S. 54, 68–69 (1986) (explaining that even an intervenor may not continue an appeal absent an independent Article III stake in the judgment); *see also Food & Drug Admin. v. All. for Hippocratic Med.*, 602 U.S. 367, 381–83 (2024) (reiterating that a plaintiff must assert a personal, legally cognizable injury, not merely an objection to what the government allows others to do); *Kolackovsky v. Town of Rockport*, 165 F.4th 114, 120 (1st Cir. 2026) (rejecting standing where plaintiffs alleged only generalized and conclusory harms, rather than a concrete and particularized injury-in-fact).

In short, Appellants cannot establish standing. Appellate standing requires more than a general interest in the district court's ruling or a desire to defend a particular policy outcome; it requires party status or some other recognized basis for appellate review that Appellants do not possess. *See Microsystems Software*, 226 F.3d at 41–42; *Marino*, 484 U.S. at 304; *Dopp*, 947 F.2d at 512; *Hollingsworth*, 570 U.S. at 705–07; *Diamond*, 476 U.S. at 68–69. Appellants' attempt to intervene was unsuccessful. And Appellants have not—and cannot—show an impact the requires the Court confer upon them party status. Under *Marino*, *Microsystems*, *Hollingsworth*, and *Diamond*, Appellants do not have standing as a matter of law.

**4.** **A Collateral-Order Appeal from the Intervention Order Does Not Confer Standing to Appeal the Separate Stay Order.**

Appellants attempt to invoke the collateral-order doctrine to bridge the gap between the Intervention Order and the Stay Order and cobble together standing, but the doctrine, too, provides no such outcome. Although a complete denial of intervention is immediately appealable, that limited avenue of review reaches only the denial of intervention itself; it does not elevate the denied intervenor to party status for purposes of appealing subsequent merits orders entered in the same case. *See Marino*, 484 U.S. at 304 (nonparties who failed to intervene for purposes of appeal could not appeal the underlying judgment); *Bhd. of R.R. Trainmen v. Balt. & O.R. Co.*, 331 U.S. 519, 524–25 (1947) (denial of intervention is appealable because, without intervention, the applicant cannot appeal later orders in the case); *Stringfellow v. Concerned Neighbors in Action*, 480 U.S. 370, 377–78 (1987) (distinguishing complete denial of intervention from an order granting limited permissive intervention, where the applicant remains a participant and may seek review after final judgment); *Pub. Serv. Co. of N.H. v. Patch*, 136 F.3d 197, 210 (1st Cir. 1998) (treating an order denying intervention as immediately appealable and reviewing that denial under Rule 24's standards).

That distinction is dispositive here. As described, Appellants' Notice of Appeal, App. at 463 (District Ct. Dkt. No. 297), distinguishes between the

13

Intervention Order as "immediately appealable under the collateral order doctrine" and the Stay Order as purportedly appealable under 28 U.S.C. § 1292(a)(1). *Id.* That framing tacitly concedes the point. The collateral-order doctrine, if available to Appellants, provides standing only to challenge the Intervention Order. The collateral-order doctrine does not retroactively confer party status. Moreover, it does not confer upon Appellants a second, derivative right to seek review of the District Court's Stay Order on the relief sought in the underlying case.

The Supreme Court's reasoning in *Brotherhood of Railroad Trainmen* underscores why. The denial of intervention is immediately appealable precisely because, without intervention, the applicant otherwise "cannot appeal from any subsequent order or judgment in the proceeding." 331 U.S. at 524–25. In other words, the collateral-order appeal is the substitute for party status as to the denial of intervention itself; it does not confer standing to challenge other rulings in the case as if Appellants were a party. Otherwise, every denied intervenor could parlay a limited appeal from the denial of intervention into plenary appellate review of subsequent merits rulings entered between the actual parties. That is not what the collateral-order doctrine permits, and it would collapse the settled distinction between appealing the denial of intervention and appealing the merits of a case to which the appellant never became a party. Therefore, the collateral-order doctrine does not confer upon Appellants the ability to appeal from the Stay Order.

14

**B.** **Appellants Cannot Obtain Party Status by Invoking Pendent Appellate Jurisdiction Over the Stay Order.**

Appellants nevertheless argue the Court should exercise pendent jurisdiction to review the District Court's Stay Order because directly implicates the denial of Appellants' motion to intervene. But the two orders are not so interconnected to require joinder.

Courts have construed pendent appellate jurisdiction "narrowly," made available only in the rare circumstance where the otherwise non-appealable issue is either "inextricably intertwined" with the appealable issue or "necessary to ensure meaningful review" of it. *Swint v. Chambers Cnty. Comm'n*, 514 U.S. 35, 50–51 (1995); *Lopez v. Massachusetts*, 588 F.3d 69, 82–83 (1st Cir. 2009). Only when resolution of the issue properly before the Court necessarily resolves the purported pendent issue may the Court exercise pendent appellate jurisdiction. *Lopez*, 588 F.3d at 82. The doctrine must be construed narrowly to prevent litigants from turning a limited interlocutory appeal into a "multi-issue . . . appeal ticket." *Swint*, 514 U.S. at 49–50. That is exactly what Appellants attempt to do here.

**1.** **The Stay Order Is Neither Inextricably Intertwined with nor Necessary for Meaningful Review of the Intervention Order.**

The February 27, 2026 Intervention Order and the March 16, 2026 Stay Order resolve different questions, apply different legal standards, and rest on different records. The Intervention Order denied Appellants' Rule 24 motion and invited them

to participate as amici curiae. The district-court briefing on intervention likewise addressed Rule 24 issues—timeliness, adequacy of representation, prejudice, the existence of separate litigation, and whether Appellants' interests could be presented in amicus form. By contrast, the Stay Order addressed Plaintiffs' request for interim relief on their APA and FACA claims; it analyzed final agency action, reviewability, likelihood of success, irreparable harm, and remedy, and ultimately stayed the January 2026 Memorandum, the challenged ACIP appointments, and the challenged ACIP votes.

This clear-cut doctrinal and factual distinction between the Orders permits the Court to review each Order independently, thereby defeating Appellants' assertion of pendent jurisdiction. As the Supreme Court explained in *Swint*, pendent jurisdiction is unavailable where the appealable ruling and the non-appealable ruling are not intertwined in a way that makes separate review impossible or meaningless. 514 U.S. at 50–51. The First Circuit has followed the same approach, exercising pendent jurisdiction only where the pendent issue is "both determinative and factually and legally entwined" with the appealable one. *Lopez*, 588 F.3d at 81–82 (quoting *Nieves-Márquez v. Puerto Rico*, 353 F.3d 108, 123–24 (1st Cir. 2003)).

Here, whether the district court correctly denied intervention under Rule 24 does not "necessarily resolve[]" whether the district court correctly granted preliminary relief on Plaintiffs' APA and FACA claims—one has nothing to do with

16

the other. *Cf. Swinton v. SquareTrade, Inc.*, 960 F.3d 1001, 1006–07 (8th Cir. 2020) (holding no pendent jurisdiction where intervention and stay issues were governed by different standards and resolution of one did not necessarily resolve the other); *K.W. ex rel. D.W. v. Armstrong*, 789 F.3d 962, 975 (9th Cir. 2015) (declining pendent jurisdiction where the appealable injunction issue could be resolved without the pendent issue); *Angelotti Chiropractic, Inc. v. Baker*, 791 F.3d 1075, 1087 (9th Cir. 2015) (explaining that issues are not "inextricably intertwined" when they are governed by different legal standards).

Moreover, Appellants' Emergency Motion does not make the showing required for pendent appellate jurisdiction. It offers only the bare assertions that the two orders are "inextricably intertwined," that the Stay Order was entered on a "one-sided record," and that, absent pendent jurisdiction, the Stay Order is "unreviewable." Appellants' Emergency Mot. at 19, Dkt. No. 00118426790. That is not enough. Appellants identify no aspect of the Rule 24 inquiry whose resolution necessarily answers any question relevant to the district court's preliminary relief analysis, cite no authority applying pendent jurisdiction to an Intervention Order/Stay Order pairing like this one, and offer no explanation why review of the Intervention Order would be inadequate without reaching the merits of Plaintiffs' preliminary-relief request. Under *Swint* and *Lopez*, those omissions are fatal.

### 2. Appellants May Not Bootstrap Review of the Injunction Order Through Pendent Appellate Jurisdiction.

What Appellants seek is not true pendent review; it is bootstrapping to overcome their nonparty obstacle to achieving standing to appeal in this instance. Appellants' Notice of Appeal, App. at 463 (District Ct. Dkt. No. 297), separately identifies the Intervention Order as immediately appealable under the collateral-order doctrine and the Injunction Order as purportedly appealable under 28 U.S.C. § 1292(a)(1). Appellants' emergency motion then asks the Court not only to reverse the Intervention Order, but also to grant "provisional party status pending appeal" and stay both the Stay Order and the district-court proceedings. In other words, Appellants seek to use their limited appeal from the denial of intervention as a vehicle to obtain immediate review—and suspension—of a separate merits order entered in litigation to which they were never admitted as parties.

That is precisely the sort of jurisdictional expansion *Swint* forbids. 514 U.S. at 49–51 (rejecting use of an authorized interlocutory appeal to sweep in separate issues not otherwise appealable). It is also inconsistent with First Circuit precedent cautioning against expansive interlocutory review and construing exceptions narrowly. *See Kartell v. Blue Shield of Mass., Inc.*, 687 F.2d 543, 549–50 (1st Cir. 1982) (narrowly construing interlocutory review and rejecting an attempt to recharacterize an intervention-related ruling as immediately appealable under § 1292(a)(1)). The practical consequence of Appellants' theory would be to let any

denied intervenor obtain immediate merits review merely by asserting that the merits order was decided on a record the intervenor would have supplemented. That is not the law. Pendent appellate jurisdiction does not exist to supply a back door to review otherwise unavailable rulings; it exists only when review of the appealable ruling necessarily requires review of the other one. *Swint*, 514 U.S. at 50–51; *Lopez*, 588 F.3d at 82–83. Because that condition is absent here, Appellants may not bootstrap review of the Injunction Order through pendent appellate jurisdiction

## C. The District Court's Stay Order is Not Appealable by Appellants Under 28 U.S.C. § 1292(a)(1).

Appellants' Notice of Appeal, App. at 463 (District Ct. Dkt. No. 297), invokes 28 U.S.C. § 1292(a)(1) as a basis to seek review of the District Court's Injunction Order. But Section 1292(a)(1) does not provide these Appellants a path to appellate review of that order. Section 1292(a)(1) authorizes interlocutory appeals from orders "granting, continuing, modifying, refusing or dissolving injunctions," 28 U.S.C. § 1292(a)(1), but it does not abrogate the settled rule that only parties, or those who properly become parties, may appeal an adverse judgment. *See Marino,* 484 U.S. at 304. Appellants were never parties below. The District Court denied their emergency motion to intervene and instead permitted them to participate only as amici curiae. Intervention Order, App. at 384 (District Ct. Dkt. No. 271). They then appeared in exactly that capacity and filed an amicus brief addressing the merits of Plaintiffs' request for preliminary relief. *See* Br. Amici, App. at 287 (District Ct. Dkt. No. 281).

Because Appellants never became parties to the district-court action, they cannot invoke Section 1292(a)(1) to appeal the ensuing preliminary-injunction order.

This conclusion is reinforced by the Supreme Court's treatment of intervention-related orders under Section 1292(a)(1). In *Stringfellow v. Concerned Neighbors in Action*, the Court rejected an attempt to use Section 1292(a)(1) to obtain interlocutory review of an intervention order allegedly having the effect of denying injunctive relief. 480 U.S. 370, 378–79 (1987). The Court held that even assuming the district court order had the effect of denying an injunction, Section 1292(a)(1) still did not apply because such an order is appealable only when it threatens a "serious, perhaps irreparable, consequence" and can be "effectually challenged only by immediate appeal." *Id.* at 379 (quoting *Carson v. Am. Brands, Inc.*, 450 U.S. 79, 84 (1981)).

Here, Appellants have no better argument than the movant in *Stringfellow*. To the contrary, they stand in a weaker position: they were denied intervention altogether, remained nonparties, and yet seek to use Section 1292(a)(1) to appeal a merits order entered in litigation to which they were never admitted as parties. Section 1292(a)(1) does not provide such an end-run around *Marino*'s party-status rule.

Nor does the nature of the Stay Order itself support Appellants' reliance on Section 1292(a)(1). The District Court did not enter an injunction against Appellants

or adjudicate any request for injunctive relief by them. Instead, in relevant part, the court stayed "the January 2026 Memo revising the CDC's childhood immunization schedule" pursuant to 5 U.S.C. § 705, stayed the appointments of thirteen ACIP members, and stayed all votes taken by the now-stayed ACIP. Stay Order, App. at 462 (District Ct. Dkt. No. 291). Whatever appellate rights the actual parties may assert with respect to that order, Appellants cannot invoke Section 1292(a)(1) to challenge relief entered between Plaintiff-Appellees and Defendant-Appellees when Appellants never became parties to that dispute.

The First Circuit's decision in *Kartell*, 687 F.2d at 549–50, points the same way. There, the court rejected an attempt to obtain interlocutory review under Section 1292(a)(1) of an intervention-related order that allegedly had the practical effect of denying injunctive relief, emphasizing that Section 1292(a)(1) is to be construed narrowly and that the claimed injury did not justify immediate review. *See id.* Here, too, Appellants may not "bootstrap" a right to interlocutory review by characterizing the Stay Order as appealable under Section 1292(a)(1) when the real obstacle is more basic: Appellants were not parties to that order and never properly became parties.

## IV. <u>**CONCLUSION**</u>

For the foregoing reasons, Plaintiffs respectfully request that this Court dismiss this appeal to the extent Appellants seek review of the district court's Stay Order, App. at 418 (District Ct. Dkt. No. 291).

Dated: April 21, 2026

Respectfully submitted,

By: */s/ Elizabeth J. McEvoy*
Elizabeth J. McEvoy (1st Cir. No. 1184726)
EPSTEIN BECKER & GREEN, P.C.
One Financial Center, Suite 1520
Boston, MA 02111
Tel:   617.603.1100
Fax:   617.249.1573
Email:      emcevoy@ebglaw.com

Richard H. Hughes, IV (1st Cir. No. 1219982)
Robert Wanerman (1st Cir. No. 14799)
EPSTEIN BECKER & GREEN, P.C.
1227 25th Street, N.W., Suite 700
Washington, DC 20037
Tel:   202.861.0900
Fax:   202.296.2882
Email:      rhhughes@ebglaw.com
                rwanerman@ebglaw.com

Maurice A. Wells (1st Cir. No. 1223202)
EPSTEIN BECKER & GREEN, P.C.
250 West Street, Suite 300
Columbus, OH 43215
Tel:   614.872.2406
Fax:   614.633.1713

Emails:      mwells@ebglaw.com

James J. Oh (1st Cir. No. 1218788)
Kathleen Barrett (1st Cir. No. 1216328)
EPSTEIN BECKER & GREEN, P.C.
227 West Monroe Street, Suite 4500
Chicago, IL 60606
Tel:    312.499.1400
Fax:    312.845.1998
Email:        joh@ebglaw.com
              kbarrett@ebglaw.com

## <u>CERTIFICATE OF COMPLIANCE</u>

Pursuant to Federal Rule of Appellate Procedure 32(g)(1), I certify that this motion complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 5,043 words.

This motion complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman font.

/s/ *Elizabeth J. McEvoy*
Elizabeth J. McEvoy

24

# CERTIFICATE OF SERVICE

I hereby certify that on April 21, 2026, this motion was filed electronically through the Court's CM/ECF system. I understand that the Court's CM/ECF system will send notice of this filing to all registered counsel of record.

/s/ *Elizabeth J. McEvoy*
Elizabeth J. McEvoy