**No. 26-1325**
**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIRST CIRCUIT**

AMERICAN ACADEMY OF PEDIATRICS; AMERICAN COLLEGE
OF PHYSICIANS; AMERICAN PUBLIC HEALTH ASSOCIATION;
INFECTIOUS DISEASES SOCIETY OF AMERICA;
SOCIETY FOR MATERNAL-FETAL MEDICINE;
AMERICAN COLLEGE OF OBSTETRICIANS AND
GYNECOLOGISTS; MASSACHUSETTS PUBLIC HEALTH
ALLIANCE; and JANE DOE,
*Plaintiffs-Appellees,*

**v.**

ROBERT F. KENNEDY, JR., in his official capacity as
Secretary of Health and Human Services;
U.S. DEPARTMENT OF HEALTH AND HUMAN
SERVICES; JIM O'NEILL, in his official capacity as
Acting Director of the Centers for Disease Control
and Prevention; and CENTERS FOR DISEASE
CONTROL AND PREVENTION,
*Defendants-Appellees,*

**v.**

ANDREA SHAW; SHANTICIA NELSON;
PAUL THOMAS; KENNETH STOLLER; and
CHILDREN'S HEALTH DEFENSE,
*Movants-Appellants.*

On Appeal from the United States District Court
for the District of Massachusetts, No. 1:25-cv-11916-BEM

**MOVANTS-APPELLANTS' OPPOSITION TO**
**DEFENDANTS-APPELLEES' MOTION FOR SUMMARY AFFIRMANCE**

# TABLE OF CONTENTS

INTRODUCTION ...............................................................................................................1

STATEMENT .....................................................................................................................3

LEGAL STANDARD..........................................................................................................7

ARGUMENT ......................................................................................................................9

    I.  The Government Is Not Representing Movants' Interest Under Rule 24(a)(2) ......................................................................................................................9

        A.  Rule 24(a)(2) measures interest-alignment, and the cases apply that test consistently ...............................................................................9

        B.  The government's own cases confirm the test and distinguish on the alignment, not the analysis ...........................................................13

        C.  Movants predicted this posture in February, and the record has confirmed it ...................................................................................15

    II.  Summary Affirmance Is Premature While the District Court Considers the Pending Stay Motions.................................................................................16

    III.  The Intervention Denial Impairs Movants' Ability to Protect Their Interests....................................................................................................................17

    IV.  Permissive Intervention.......................................................................................20

CONCLUSION ................................................................................................................22

CERTIFICATE OF COMPLIANCE................................................................................24

CERTIFICATE OF SERVICE .........................................................................................24

# TABLE OF AUTHORITIES

**Cases:**                                                                                          **Page(s)**

*Berger v. N.C. State Conf. of NAACP*,
   597 U.S. 179 (2022)...................................................................................2, 8, 10, 12

*Cameron v. EMW Women's Surgical Ctr., P.S.C.*,
   595 U.S. 267 (2022)...................................................................................................12

*Conservation Law Found. v. Mosbacher*,
   966 F.2d 39 (1st Cir. 1992)........................................................................................11

*Daggett v. Comm'n on Governmental Ethics & Election Pracs.*,
   172 F.3d 104 (1st Cir. 1999)...................................................................................... 11

*Pub. Serv. Co. of N.H. v. Patch*,
   136 F.3d 197 (1st Cir. 1998).......................................................................................17

*Students for Fair Admissions, Inc. v. President & Fellows of Harvard Coll.*,
   308 F.R.D. 39 (D. Mass. 2015)...................................................................................20

*T-Mobile Ne. LLC v. Town of Barnstable*,
   969 F.3d 33 (1st Cir. 2020)...................................................................................13, 14

*Trbovich v. United Mine Workers of Am.*,
   404 U.S. 528 (1972)........................................................................................2, 7, 8, 10

*Victim Rts. L. Ctr. v. Rosenfelt*,
   988 F.3d 556 (1st Cir. 2021).......................................................................................14

**Rules:**

Fed. R. App. P. 8(a)(1)(A) ...................................................................................1, 6

Fed. R. App. P. 27(d)(2)(A)......................................................................................24

Fed. R. App. P. 32(a)(5)............................................................................................24

Fed. R. App. P. 32(f)..................................................................................................24

Fed. R. Civ. P. 24(a)(2)....................................................................................9, 17, 22

Fed. R. Civ. P. 24(b) .................................................................................................20

1st Cir. Local Rule 27.0(c).....................................................................................7, 17

## INTRODUCTION

Pursuant to this Court's April 9, 2026 order, Movants filed a Rule 62(d) motion in the district court on April 20, 2026 seeking to stay the preliminary injunction. Dkt. No. 303. If granted, Movants' motion would lift the injunction, restore the January 5, 2026 schedule revision to operation, and allow the reconstituted ACIP to resume meeting. The motion is pending before Judge Murphy.

The government filed its own stay motion three days later. Dkt. No. 304. The government's motion does not seek to stay the preliminary injunction. It seeks only a stay of district court proceedings pending any appeal it might eventually file. The motion expressly tells the district court the injunction "remains in full effect" and "continues to protect Plaintiffs against any irreparable harm." *Id.* at 2, 5. The government identifies three grounds on which it might eventually appeal: jurisdictional defects, the scope of the Secretary's discretion under the Membership Balance Plan, and the degree of deference owed to FACA balance determinations. *Id.* at 3. All three defend the institutional authority to act. None defends what the Secretary did with that authority. And because the government did not seek to stay the injunction in the district court, it cannot ordinarily seek that relief in this Court if it does appeal. *See* Fed. R. App. P. 8(a)(1)(A).

1

That is the clearest example of the divergence in interests between the Movants and the Government Defendants. Movants are litigating to lift the injunction, restore the substantive policy changes, and resume ACIP's operation. The government is not. The government has accepted the injunction throughout any appeal it might eventually bring, and reserves (but does not yet assert) only institutional grounds that defend its power to act rather than the substance of what it did.

Rule 24(a)(2) measures whether the existing defender is representing the movant's interest. A defendant and a defendant-intervenor commonly want the same ultimate result, as here. Both seek dismissal of the case. But Rule 24(a)(2) does not measure shared result. It measures interests. *Berger v. N.C. State Conf. of NAACP*, 597 U.S. 179, 196-98 (2022) (requiring intervention where State Board and legislative leaders both sought to uphold S.B. 824 but held different interests in defending it). The government's interest is in defending its authority to act. Movants' interest is in defending what the Secretary did with that authority. Those are different interests. The burden on a movant to show inadequate representation is "minimal." *Trbovich v. United Mine Workers of Am.*, 404 U.S. 528, 538 n.10 (1972). On this record, it is more than satisfied.

The appeal deserves full briefing. At a minimum, the motion for summary affirmance should be denied without prejudice to renewal after the district court

2

rules on the pending stay motions and after the government's time to appeal expires on May 15, 2026.

## STATEMENT

Plaintiffs-Appellees filed this case on July 7, 2025. Dkt. No. 1. The operative Fourth Amended Complaint, filed February 17, 2026, challenges four sets of actions: (1) Secretary Kennedy's May 27, 2025 directive on COVID-19 vaccine recommendations; (2) the reconstitution of the Advisory Committee on Immunization Practices ("ACIP"); (3) three votes the reconstituted ACIP took in 2025 (on thimerosal, COVID-19, and hepatitis B vaccines); and (4) Director O'Neill's January 5, 2026 memorandum revising the CDC's childhood immunization schedule. Dkt. No. 245, at 2-4.

Two of those actions are central to this appeal. On June 9, 2025, Secretary Kennedy terminated the seventeen sitting members of ACIP. Dkt. No. 291, at 7. The Secretary appointed new members on June 11, 2025, September 11, 2025, and January 13, 2026 (collectively, the "ACIP appointments"). *Id.* On January 5, 2026, Director O'Neill issued the memorandum revising the CDC's childhood immunization schedule, reducing the number of routinely recommended childhood vaccinations from seventeen to eleven. *Id.* at 10.

3

On January 26, 2026, Plaintiffs-Appellees filed the operative motion for a preliminary injunction. Dkt. No. 183. On the evening of February 9, 2026, the government filed its lengthy opposition. Dkt. No. 232. The opposition argued that the Secretary had the authority to take the actions at issue. It did not argue that the prior schedule needed revising. It did not present the Institute of Medicine's 2002 and 2013 findings that the cumulative childhood immunization schedule has never been tested for safety. It did not challenge Plaintiffs' characterization of the prior schedule as "rigorously tested." It did not identify a single child harmed under the prior schedule. The government defended its right to act. It did not defend the reasons for acting. Jaffe Decl. ¶¶ 9-10 (Dkt. No. 250).

On February 13, 2026, the district court held the first of two hearings on the preliminary injunction motion. Dkt. No. 241. The court granted leave to file the Fourth Amended Complaint, took the PI motion under advisement, and ordered supplemental briefing on the legal consequences of the January 5 schedule revision by February 18, 2026. *Id.* The court's ruling on preliminary relief appeared imminent.

On February 18, 2026, Movants filed an emergency motion to intervene as defendants. Dkt. No. 248. The motion's central ground was that the government's February 9 opposition had defended the Secretary's authority to act but not the substance of his actions. Dkt. No. 249, at 13. As Movants explained, the

government could not defend the substance: "The moment the government argues the prior schedule was substantively unsafe, it admits its own agencies endorsed an unsafe protocol for decades." Jaffe Decl. ¶ 10 (Dkt. No. 250). Movants filed their proposed answer with counterclaims, an opposition to the preliminary injunction motion, and the supporting Jaffe Declaration with the IOM reports as exhibits. Dkt. Nos. 248-1, 250, 251.

Movants asserted concrete interests in the actions at issue. Andrea Shaw's twins Dallas and Tyson died on May 1, 2025, eight days after their 18-month vaccines. Jaffe Decl. ¶ 12. Shanticia Nelson's daughter Sa'Niya Carter died on March 27, 2025, less than twelve hours after receiving six injections containing twelve antigens in a single catch-up visit. *Id.* ¶ 13. Dr. Paul Thomas's license was suspended after he published a vaccinated-versus-unvaccinated study the IOM had recommended. *Id.* ¶ 14. Dr. Kenneth Stoller's license was revoked for deviating from ACIP guidelines. *Id.* Children's Health Defense publishes books, daily news, and educational programming on vaccine safety and competes directly with Plaintiff American Academy of Pediatrics in the market for vaccine-related health information. *Id.* ¶ 16.

On February 26, 2026, the government and Plaintiffs each filed oppositions to the intervention motion. Dkt. Nos. 267, 268. On February 27, 2026, the district court denied intervention by minute order, granting Movants leave to file an

amicus brief. Dkt. No. 271. The same day, the government filed a second PI opposition addressing the bifurcated portion of the proceedings. Dkt. No. 272. Movants filed an amicus brief on March 9, 2026. Dkt. No. 281.

On March 16, 2026, the district court entered a preliminary injunction. Dkt. No. 291. The injunction stays the January 5, 2026 schedule revision; stays the ACIP appointments; and stays all votes taken by the now-stayed ACIP. *Id.* at 45.

On April 1, 2026, the Secretary renewed the ACIP charter pursuant to FACA's biennial requirement. 91 Fed. Reg. 17279 (Apr. 6, 2026). The renewed charter expands the enumerated fields of expertise and directs ACIP to consider cumulative vaccine exposures, re-analyze safety and efficacy as gaps are identified, evaluate variability in immune response for various populations, and assess novel vaccine platforms such as mRNA vaccines. (Renewed charter attached to the Jaffe Stay Decl. at Ex. B (Dkt. No. 303.)

On April 9, 2026, this Court denied Movants' emergency stay motion without prejudice under Fed. R. App. P. 8(a)(1)(A), directing Movants to seek relief first in the district court.

On April 15, 2026, the government filed the present motion for summary affirmance.

6

On April 20, 2026, Movants complied with this Court's April 9 order by filing a Rule 62(d) motion in the district court, seeking to stay the preliminary injunction in light of the charter renewal. Dkt. No. 303.

On April 23, 2026, the government filed its own motion in the district court. Dkt. No. 304. That motion does not seek to stay the preliminary injunction. It tells the district court the injunction "remains in full effect" and "continues to protect Plaintiffs against any irreparable harm." *Id.* at 2, 5. The motion identifies three grounds on which the government may eventually appeal: jurisdictional defects, the scope of the Secretary's discretion under the Membership Balance Plan, and the degree of deference owed to FACA balance determinations. *Id.* at 3.

The government has not filed a notice of appeal from the preliminary injunction. Its time to appeal has not yet run. Gov't Mot. 2. The government has not moved to stay the preliminary injunction. Nor has it presented the April 1 charter renewal to the district court.

## LEGAL STANDARD

Summary affirmance under Local Rule 27.0(c) is appropriate only where an appeal is "manifestly unsubstantial." The government bears the burden of establishing that its appeal meets this demanding standard. The burden on an intervenor to show inadequate representation is "minimal." *Trbovich v. United*

7

*Mine Workers of Am.*, 404 U.S. 528, 538 n.10 (1972). A proposed intervenor "need show only that representation 'may be' inadequate, not that it 'is' inadequate." *Id.*

The test Rule 24(a)(2) applies is interest-alignment: whether the existing defender's interest coincides with the movant's interest in the specific action. *Berger v. N.C. State Conf. of NAACP*, 597 U.S. 179, 196 (2022) (quoting *Trbovich*, 404 U.S. at 538 n.10). The test measures whether the defender is representing the movant's interest. A related interest in the same action will not substitute.

The district court denied intervention by minute order without making any adequacy finding. Dkt. No. 271. The adequacy question therefore reaches this Court without any factual finding to which deference is owed.

Even setting aside whether intervention is ultimately required under Rule 24(a)(2), summary affirmance is inappropriate. The adequacy question presented by this appeal turns on the same interest-alignment analysis Movants raised in February, and on facts that have since developed in the same direction. At a minimum, that presents a substantial question that cannot be disposed of summarily.

8

**ARGUMENT**

## I.    The Government Is Not Representing Movants' Interest Under Rule 24(a)(2).

Movants' interest satisfies Rule 24(a)(2). The preliminary injunction restores prior ACIP guidelines and the prior childhood immunization schedule. Those prior guidelines were used to revoke Dr. Stoller's license for deviating from them and to suspend Dr. Thomas's license after he published a study the Institute of Medicine had recommended. Jaffe Decl. ¶¶ 14-15 (Dkt. No. 250).

Shaw and Nelson lost children after vaccines administered on that prior schedule. *Id.* ¶¶ 12-13. Movants' interest is in the continued validity of the Secretary's January 2026 changes, which moved the regulatory framework away from the prior schedule and the prior committee. The question is whether that interest is adequately represented by existing parties.

### A.    Rule 24(a)(2) measures interest-alignment, and the cases apply that test consistently.

Rule 24(a)(2) permits intervention unless existing parties "adequately represent that interest." Fed. R. Civ. P. 24(a)(2). The antecedent of "that interest" is the movant's interest, identified in the preceding clause as the interest "relating to the property or transaction that is the subject of the action." Fed. R. Civ. P.

24(a)(2). The word "that" ties adequacy to the movant's specific interest, not to the defender's effort, competence, or institutional posture. The question is whether the defender is representing the same interest the movant asserts. The Supreme Court described the burden as "minimal." *Trbovich*, 404 U.S. at 538 n.10. *Berger* reaffirmed it fifty years later: Rule 24(a)(2) "presents proposed intervenors with only a minimal challenge." 597 U.S. at 196. Rule 24(a)(2) asks whether someone is defending the action, not merely whether someone is defending the authority to act.

Across Supreme Court and First Circuit authority, the cases apply that test to the same question. Is the defender defending the interest the movant asserts, or is the defender defending something else?

*Trbovich* set out the frame. The Secretary of Labor was defending the public interest in union democracy under the LMRDA; the union member sought to intervene to defend his specific interest in his own union's election. The Court held that the two interests, though "related," were not "identical," and that "even if the Secretary is performing his duties, broadly conceived, as well as can be expected, the union member may have a valid complaint about the performance of 'his lawyer.'" 404 U.S. at 538-39. Adequacy was not measured against the Secretary's competence. It was measured against whether the Secretary was representing the union member's specific interest. He was not. Intervention was required.

10

This Court applied the same test in *Mosbacher*. The Secretary of Commerce

accepted a consent decree that gave the plaintiffs "virtually all the relief sought,"

filed no Answer, and took no position on intervention. 966 F.2d at 44. The

intervenor fishing groups sought to defend their industry-specific interest against

the consent decree. This Court held representation inadequate:

> The Secretary did not file an Answer to the Foundation's complaint, but instead accepted the consent decree which provides for virtually all the relief sought. That is not necessarily an improper action, but it does leave the fishing groups with the distinct feeling that the Secretary is less than wholeheartedly dedicated to opposing the Foundation's aims. That impression is supported by the Secretary's candor in taking no position on the petition for intervention. The Secretary's silence on any intent to defend the fishing groups' special interests is deafening.

*Id.* The Secretary's interest, settling the litigation on favorable posture terms,

was not the fishing groups' interest in defending the industry against the regulatory

relief the consent decree provided. Interests diverged. Intervention was required.

In *Dagget,* the Attorney General was defending Maine's campaign-finance

law; the proposed intervenors were candidates and contributors with a specific

interest in the law's defense. This Court held that the three-circumstance "trilogy"

of adversity, collusion, or nonfeasance is not exclusive; that "a refusal to present

obvious arguments could be so extreme as to justify a finding that representation

by the existing party was inadequate"; and that "if and when there is such a

compromise or refusal to appeal, the question of intervention on this ground can be

11

revisited." 172 F.3d at 112. The Attorney General's broader litigation judgment might satisfy the State's posture interest. It might not satisfy the intervenors' interest in defending the specific statute on the merits.

The Supreme Court applied the same test in *Cameron*. The Kentucky Secretary for Health and Family Services defended HB 454 at the district court, then "elected to acquiesce" in the adverse Sixth Circuit ruling. 595 U.S. at 277. The Attorney General sought to intervene to continue the defense on rehearing and certiorari. The Court held the Secretary's institutional position, that appellate review was not worth pursuing, was not the Attorney General's interest in the Commonwealth's continued enforcement of the law. Justice Kagan, joined by Justice Breyer, stated the Rule 24 principle directly: "As a practical matter, then, the attorney general belonged in the suit, absent some good cause to exclude him." *Id.* at 291 (Kagan, J., concurring in the judgment). Interests diverged. Intervention was required.

And the Supreme Court again in *Berger*. The North Carolina State Board of Elections, represented by the Attorney General, was defending S.B. 824. 597 U.S. at 188. The legislative leaders sought to intervene. The Board "declined to offer expert-witness affidavits," "declined to seek a stay" of the adverse preliminary injunction, and treated "stability and certainty" in the upcoming election as its "overriding concern." *Id.* at 198. The legislative leaders, by contrast, "are not

12

burdened by misgivings about the law's wisdom" and sought to "focus on defending the law vigorously on the merits without an eye to crosscutting administrative concerns." *Id.* The Board's interest in administrative stability was not the legislative leaders' interest in defending S.B. 824 on the merits. Interests diverged. The Supreme Court reversed the denial of intervention 8-1.

Five cases, five fact patterns, one test. The existing defender in each case was defending some interest. The movant in each case was defending a different one. Rule 24(a)(2) measures whether the defender is representing the movant's interest, not whether the defender is representing some interest. In every case, the answer was no and intervention was required.

**B.     The government's own cases confirm the test and distinguish on the alignment, not the analysis.**

The government's interest-alignment cases confirm this analysis. In *Victim Rts. L. Ctr.*, the Department of Education was defending the Title IX regulation the proposed intervenors wanted defended. 988 F.3d at 559-61. Interests coincided. Intervention was denied. In *T-Mobile*, the Town was mounting "a vigorous, no-holds-barred defense of its refusal to grant a variance," the same defense the proposed intervenor neighbors wanted sustained. 969 F.3d at 39. Interests coincided. Intervention was denied.

13

These interest-alignment cases yield denial. Interest-divergence cases yield intervention. *Victim Rts. L. Ctr.* and *T-Mobile* came out the way they did because the interests were aligned. This case comes out the opposite way because the interests are not.

The government's interest in this case is institutional. Its three reserved appellate grounds defend the government's authority to act, not the substantive soundness of what it did. Those three grounds are jurisdictional defects, the Secretary's discretion under the Membership Balance Plan, and FACA deference. Dkt. No. 304, at 3. A successful institutional defense would vacate the injunction on grounds that leave the substantive merits of Kennedy's policy changes unadjudicated, available to be re-litigated in the next iteration of this suit.

Movants' interest is in defending the policy changes themselves, on the merits, so that the record resolves whether the substance is defensible. Those are different interests.

Compare what each motion presented to the district court. Movants' Rule 62(d) motion presented the April 1 charter renewal, the directives to consider cumulative exposures and variability in immune response, the expertise of the ACIP members the Secretary appointed, and the Institute of Medicine findings. Dkt. No. 303; Jaffe Decl. ¶¶ 7-11.

The government's motion three days later did not present the charter or address the members' expertise. It made no substantive defense of what Kennedy did. Dkt. No. 304. The filings show what each party is defending. The government is defending the power to make the decisions. Movants are defending the decisions.

The incentive divergence reinforces the interest divergence. The government can prevail by vacating the injunction on threshold grounds (if it chooses to appeal). Movants' interest requires a determination that the January 2026 actions were lawful. A party that benefits from avoiding a merits ruling is not aligned with a party whose interest depends on obtaining one. On this record, no party on the government's side is defending the actual actions taken by the Secretary.

**C.    Movants predicted this posture in February, and the record has confirmed it.**

Movants identified in the February intervention motion that the government's February 9 opposition to the preliminary injunction defended on three institutional grounds and made no substantive defense of the Secretary's January 2026 actions. Those grounds were jurisdictional defenses, scope-of-discretion arguments, and FACA deference. Dkt. No. 249, at 13. That observation rested on what was already in the record. Two months later, a preliminary injunction entered on a record with no substantive defense, no government appeal,

15

no government stay motion, and an April 23 filing that reserves exactly the same three institutional grounds have confirmed what the February opposition already showed.

This Court reviews the adequacy question on the record before it. Adequacy under Rule 24(a)(2) is measured against actual representation, not assumed representation. The government's February 9 opposition showed actual representation of an institutional interest, not the substantive policy interest Movants asserted. The record since has shown the same pattern: a preliminary injunction entered without substantive defense, no government appeal, no government stay motion of the preliminary injunction, and an April 23 filing that defends only the institutional grounds. The government is representing the institutional interest. The policy interest is Movants' alone. Rule 24(a)(2) requires intervention.

**II. Summary Affirmance Is Premature While the District Court Considers the Pending Stay Motions.**

On April 9, 2026, this Court denied Movants' emergency motion to stay the preliminary injunction without prejudice, and sent Movants back to the district court to seek initial relief there. On April 20, 2026, Movants filed a Rule 62(d) stay motion in the district court, presenting the April 1, 2026 ACIP charter renewal and

16

the supporting Jaffe Declaration to Judge Murphy. Dkt. No. 303. On April 23, 2026, the government filed its own motion in the district court, asking Judge Murphy to stay proceedings while the government decides whether to appeal. Dkt. No. 304. As indicated, the government did not seek a stay of the district court's preliminary injunction. Both motions are pending.

The record this Court will eventually review on appeal is developing in the forum to which this Court directed Movants. Summary affirmance entered now would dispose of the appeal before that record exists. Local Rule 27.0(c) requires that an appeal be "manifestly unsubstantial," a standard that cannot be met where the district court has not yet ruled on the changed circumstances driving the pending motions, where the government's time to appeal has not yet run, and where the government itself has asked the district court to pause proceedings while it decides whether to appeal.

## III.     The Intervention Denial Impairs Movants' Ability to Protect Their Interests.

Impairment under Rule 24(a)(2) asks whether disposition of the action will, as a practical matter, impair the movant's ability to protect its interest. *See Pub. Serv. Co. of N.H. v. Patch*, 136 F.3d 197, 204 (1st Cir. 1998). Movants' interest is in reinstating the January 2026 ACIP appointments and the January 5, 2026

17

schedule revision, both of which the preliminary injunction stays. The only path to reinstatement is appellate reversal of the injunction.

The government has told this Court that the preliminary injunction "is causing irreparable harm to the government." Gov't Mot. 2. Yet the government has not appealed the injunction, has not sought to stay it in the district court, and has asked the district court to pause proceedings while the government decides whether to appeal at all. Dkt. No. 304.

Even an eventual appeal would rest only on institutional grounds: jurisdictional defects, the Secretary's discretion under the Membership Balance Plan, and FACA deference. *Id.* at 3. None of those grounds, even if successful, would restore the January 2026 actions. The party that has told this Court it is being irreparably harmed by the injunction is doing nothing to lift it. Movants are the only party on the defendant side of the case seeking to do so. Without intervention, no one is.

The harm of the injunction's continued operation falls on Movants in identifiable ways. The preliminary injunction restored the ACIP guidelines under which Dr. Thomas's medical license was suspended and Dr. Stoller's medical license was revoked. The injunction restored the schedule under which Andrea Shaw and Shanticia Nelson lost their children to vaccine injury. The injunction left

18

in place the regulatory regime that Children's Health Defense was organized to challenge.

Each Movant entered this case to defend the January 2026 actions because those actions began to dismantle the regime that had injured them. The injunction reinstates that regime. Without intervention, Movants have no party in this Court advancing their interest in lifting it.

The government's responses do not answer this impairment claim. The government argues that issue preclusion will not bar Movants from later litigation in other forums and that Movants may participate as amici. Gov't Mot. 9-10, 12. Neither addresses the impairment Movants identify. Absence of preclusion does not undo the harms that accrue while the injunction operates, and amicus participation does not give Movants the right to prosecute an appeal that no party will otherwise prosecute substantively.

The impairment is the loss of any party on the government's side litigating to lift the injunction. That loss occurs whether or not Movants can later challenge the same regime in some other forum, and whether or not Movants can file an amicus brief on review of an injunction that the government will not seek to lift on appeal.

19

The Rule 24(a)(2) impairment inquiry is satisfied where, as here, denial of intervention leaves the movant without any party advancing its interest on the issue that disposition of the action turns on.

### IV.  Permissive Intervention.

The government's permissive-intervention argument collapses into two points: that intervention would add delay and complexity, and that Movants' counterclaims are unrelated to Plaintiffs' APA claims. Gov't Mot. 11-12. Neither supports summary affirmance.

On delay, the government invokes *Students for Fair Admissions, Inc. v. President & Fellows of Harvard Coll.*, 308 F.R.D. 39, 52 (D. Mass. 2015). The court there denied permissive intervention by fourteen proposed intervenors where their interests would be adequately represented by Harvard and where the addition of fourteen parties would lengthen discovery, complicate proceedings, and pose privacy concerns about access to admissions records. None of those concerns is present here. Movants are five proposed intervenors, the existing defendants are not adequately representing Movants' interests, and there is no analogous privacy concern.

The government's delay argument assumes that intervention would complicate the case. The record speaks differently. The case has become more

complex because the only defendants, government officials represented by the same counsel, chose not to present the full factual and substantive defense of the challenged actions. Intervention would supply the evidence the district court identified as missing, which lack of evidence drove the FACA finding on which part of the preliminary relief was granted.[1] The government did not supply that record. Movants did. That is completeness, not added complexity.

On the counterclaims, Movants stated in their intervention papers, and reiterate here, that they were and are prepared to proceed without counterclaim discovery during the pendency of this Court's consideration of the underlying APA claims. Dkt. No. 249, at 15. The government's response, that Movants "cannot now run away from" the counterclaims, misstates Movants' position. Gov't Mot. 12. The offer to stage proceedings was on the table in February and remains on the table now.

---

[1] The district court's preliminary injunction order observed in footnote 56 that Defendants had relied only on the ACIP website's summary of credentials and had "provided no basis for the Court to assess how these individual's experiences and qualifications relate to ACIP's functions." The order further stated that "there may be evidence to demonstrate that each of these individuals have more relevant experience or expertise than what is before the Court at this juncture." Dkt. No. 291, at 31 & n.56. Movants' amicus filing addressed three of the members the district court specifically discussed (Drs. Levi, Malone, and Stein). Dkt. No. 281. Movants' Rule 62(d) stay motion addressed all of the members. Dkt. No. 303. Movants are supplying the record the district court felt was lacking and all but invited the government to address.

21

The abuse-of-discretion standard does not require this Court to endorse a district court's exercise of discretion when the factual premise of that exercise has been upended by the government's subsequent conduct.

## CONCLUSION

The government is defending its power to make vaccine-policy decisions. Movants are defending the decisions themselves. Rule 24(a)(2) asks whether someone is defending the action, not merely whether someone is defending the authority to act.

On this record, no party on the government's side of the case is defending the action. The interest Movants entered this case to defend, the interest the preliminary injunction directly impairs, has no other representative in this litigation. Under the interest-alignment test the Supreme Court and this Court have applied for fifty years, intervention is required. Under any standard, the appeal is not "manifestly unsubstantial." At a minimum, it presents a substantial question on the parties' actual litigation posture and the practical consequences of denying intervention. That question cannot be resolved on a motion for summary affirmance.

Movants respectfully request that this Court deny the motion for summary affirmance and proceed to full briefing on the appeal. In the alternative, if the

22

Court is disinclined to deny the motion outright at this juncture, Movants respectfully request that the motion be denied without prejudice to renewal after the district court rules on Movants' Rule 62(d) stay motion (Dkt. No. 303) and the government's motion to stay proceedings (Dkt. No. 304), and after the government's time to appeal the preliminary injunction expires on May 15, 2026.

Dated: April 27, 2026

Respectfully submitted,

/s/ Richard Jaffe

Richard Jaffe
428 J Street, 4th Floor
Sacramento, California 95814
(916) 492-6038
rickjaffeesquire@gmail.com

Robert N. Meltzer
Mountain States Law Group
33 Bradford Street
Concord, Massachusetts 01742
(978) 254-6289

Counsel for Movants-
Appellants

**CERTIFICATE OF COMPLIANCE**

This opposition complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 4729 words, excluding the parts exempted by Fed. R. App. P. 32(f). It also complies with the typeface and type-style requirements of Fed. R. App. P. 32(a)(5)-(6) because it was prepared using Microsoft Word in Times New Roman 14-point font, a proportionally spaced typeface.

/s/ Richard Jaffe

**CERTIFICATE OF SERVICE**

I hereby certify that on April 27, 2026, I electronically filed the foregoing Opposition to Motion for Summary Affirmance with the Clerk of the Court for the United States Court of Appeals for the First Circuit by using the appellate CM/ECF system. Service will be accomplished by the appellate CM/ECF system.

/s/ Richard Jaffe