**No. 26-1325**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT

---

AMERICAN ACADEMY OF PEDIATRICS; AMERICAN COLLEGE
OF PHYSICIANS; AMERICAN PUBLIC HEALTH ASSOCIATION;
INFECTIOUS DISEASES SOCIETY OF AMERICA;
SOCIETY FOR MATERNAL-FETAL MEDICINE;
AMERICAN COLLEGE OF OBSTETRICIANS AND
GYNECOLOGISTS; MASSACHUSETTS PUBLIC HEALTH
ALLIANCE; and JANE DOE,

Plaintiffs-Appellees,

*v.*

ROBERT F. KENNEDY, JR., in his official capacity as
Secretary of Health and Human Services;
U.S. DEPARTMENT OF HEALTH AND HUMAN
SERVICES; JIM O'NEILL, in his official capacity as
Acting Director of the Centers for Disease Control
and Prevention; and CENTERS FOR DISEASE
CONTROL AND PREVENTION,

Defendants-Appellees,

*v.*

ANDREA SHAW; SHANTICIA NELSON;
PAUL THOMAS; KENNETH STOLLER; and
CHILDREN'S HEALTH DEFENSE,

Appellants.

---

On Appeal from the United States District Court
for the District of Massachusetts, No. 1:25-cv-11916-BEM

---

**APPELLANTS' OPPOSITION TO
PLAINTIFFS-APPELLEES' PARTIAL MOTION TO DISMISS**

**TABLE OF CONTENTS**

INTRODUCTION ..................................................................................1

STATEMENT....................................................................................1

    I.  The Underlying Action and Appellants' Interests ..................................2

    II. Procedural Posture ...........................................................................2

ARGUMENT.....................................................................................4

    I.  THE MOTION IS PREMATURE ........................................................6

        A. The Procedural Sequence This Court Directed Remains Mid-Stream.................................................................................6

        B. This Motion Should Be Resolved with the Government's Pending Summary Affirmance Motion...............................................6

    II. IF THE COURT REACHES THE MERITS, APPELLANTS HAVE ARTICLE III STANDING........................................................7

    III. THE PROPER PATH FORWARD IS THROUGH THE PENDING APPEALS, NOT SUMMARY DISPOSITION .........................................8

CONCLUSION.................................................................................11

CERTIFICATE OF COMPLIANCE .........................................................12

CERTIFICATE OF SERVICE...............................................................14

ii

# TABLE OF AUTHORITIES

**Cases:** **Page(s)**

*Am. Acad. of Pediatrics v. Kennedy*,

2026 U.S. Dist. LEXIS 53557 (D. Mass. Mar. 16, 2026) ...............................4

*Diamond v. Charles*,

476 U.S. 54 (1986)..................................................................................8, 9

*Food & Drug Admin. v. All. for Hippocratic Med.*,

602 U.S. 367 (2024)....................................................................................10

*Hollingsworth v. Perry*,

570 U.S. 693 (2013)....................................................................................10

*La. Energy and Power Auth. v. FERC*,

141 F.3d 364 (D.C. Cir. 1998)....................................................................10

*Lujan v. Defenders of Wildlife*,

504 U.S. 555 (1992).......................................................................................8

*Mendoza v. Perez*,

754 F.3d 1002 (D.C. Cir. 2014)....................................................................9

*Singleton v. Wulff*,

428 U.S. 106 (1976)............................................................................9

*United States v. City of Detroit*,

712 F.3d 925 (6th Cir. 2013) ............................................................8

**Rules:**

Fed. R. App. P. 8(a)(1)(A).........................................................1, 5, 6

Fed. R. App. P. 27(d)(2)(A)...............................................................14

Fed. R. App. P. 32(a)(5)-(6) .............................................................14

Fed. R. App. P. 32(f).........................................................................14

Fed. R. Civ. P. 62(d) .............................................1, 2, 5, 6, 11, 12

1st Cir. Local Rule 27.0(c) ...............................................................11

**Other Authorities:**

91 Fed. Reg. 17279 (Apr. 6, 2026)......................................................6

## INTRODUCTION

Plaintiffs-Appellees move to dismiss the portion of this appeal challenging the district court's March 16, 2026 preliminary injunction (the "Stay Order"). The Court should deny the motion as premature, or alternatively on the merits.

The motion is premature on two independent grounds. First, this Court directed Appellants on April 9, 2026 to seek stay relief from the Stay Order in the district court in the first instance under FRAP 8(a)(1)(A). Appellants complied on April 20 by filing a Rule 62(d) motion. Dkt. No. 303. That motion is pending and supplies significant new information to the record, including the April 1, 2026 ACIP charter renewal that bears directly on the FACA balance findings on which the Stay Order rests. Plaintiffs-Appellees ask this Court to short-circuit that sequence while it is still mid-stream.

Second, the questions Plaintiffs-Appellees raise depend on outcomes this Court has not yet decided. The Government's pending motion for summary affirmance of the intervention denial will resolve whether the intervention appeal proceeds. If granted, there is no live appellate predicate and Plaintiffs-Appellees' motion is moot. If denied, the intervention appeal proceeds on the merits. If Appellants prevail on intervention, they become parties under *United States v. City of Detroit*, 712 F.3d 925, 932-33 (6th Cir. 2013), and the Stay Order is appealable

1

through ordinary party appeal. The questions Plaintiffs-Appellees seek to resolve summarily depend on the answer to that intervention question.

The Court should also be aware that on April 29, 2026, the Government filed its own Notice of Appeal of the Stay Order. Dkt. No. 306. The Government did not seek a stay of the Stay Order in the district court before filing.

If the Court reaches the merits, the motion fails because Appellants have Article III standing, and the procedural posture for emergency relief from the Stay Order's operation will be addressed through the FRAP 8 motion Appellants will renew once the district court rules on the pending Rule 62(d) motion.

## STATEMENT

### I. The Underlying Action and Appellants' Interests

Plaintiffs-Appellees filed this case on July 7, 2025. The operative Fourth Amended Complaint, filed February 17, 2026, challenges four sets of actions: Secretary Kennedy's May 27, 2025 directive on COVID-19 vaccine recommendations; the reconstitution of the Advisory Committee on Immunization Practices ("ACIP"); three votes the reconstituted ACIP took in 2025; and Director O'Neill's January 5, 2026 memorandum revising the CDC's childhood

immunization schedule. App. at 53-55. The reconstitution of ACIP and the January 5 schedule revision are the two actions central to this appeal. App. at 424, 427.

Appellants are five proposed intervenors who hold personal interests in the actions at issue.

Andrea Shaw's twin sons Dallas and Tyson died on May 1, 2025, eight days after their 18-month vaccinations. Jaffe Decl. ¶ 12 (Dkt. No. 250). Shanticia Nelson's daughter Sa'Niya Carter died on March 27, 2025, less than twelve hours after a single catch-up visit during which she received six injections containing twelve antigens. *Id.* ¶ 13. The vaccinations were administered under the childhood immunization schedule the Stay Order restored. The Secretary's January 5, 2026 schedule revision, which the Stay Order enjoined, would have reduced the number of routinely recommended childhood vaccinations from seventeen to eleven. App. at 427.

Dr. Paul Thomas's medical license was suspended after he published a vaccinated-versus-unvaccinated study the Institute of Medicine had recommended. Jaffe Decl. ¶ 14. Dr. Kenneth Stoller's medical license was revoked for deviating from ACIP guidelines. *Id.* The ACIP framework restored by the Stay Order is the framework under which both license actions proceeded.

Children's Health Defense publishes books, daily news, and educational programming on vaccine safety and competes directly with Plaintiff American

3

Academy of Pediatrics in the market for vaccine-related health information. *Id.* ¶ 16. The Stay Order is itself an order entered at AAP's request that operates in that regulatory market.

## II. Procedural Posture

Plaintiffs-Appellees moved for preliminary injunction on January 26, 2026. Dkt. No. 183. The government opposed on February 9. Dkt. No. 232; Jaffe Decl. ¶¶ 9-10.

On February 18, Appellants filed an emergency motion to intervene supported by a proposed answer with counterclaims, an opposition to the preliminary injunction, and the Jaffe Declaration with the IOM reports as exhibits. App. at 141; Dkt. Nos. 248-1, 250, 251. The district court denied intervention on February 27 and granted leave to file an amicus brief, which Appellants filed on March 9. App. at 284, 287.

On March 16, 2026, the district court entered the preliminary injunction, staying the January 5 schedule revision, the ACIP appointments, and all votes taken by the reconstituted ACIP. *Am. Acad. of Pediatrics v. Kennedy*, 2026 U.S. Dist. LEXIS 53557 (D. Mass. Mar. 16, 2026) (the "Stay Order"); App. at 462.

On March 25, 2026, Appellants filed a notice of appeal designating both the denial of intervention order and the Stay Order. Appellants filed an emergency FRAP 8 motion seeking a stay on April 4, 2026.

On April 9, this Court denied the FRAP 8 motion without prejudice under FRAP 8(a)(1)(A) and directed Appellants to seek stay relief in the district court. Appellants complied on April 20 by filing a Rule 62(d) motion. Dkt. No. 303. The motion is pending.

The Government filed a motion for summary affirmance of the intervention denial on April 15, 2026. Appellants responded on April 27, 2026.

Plaintiffs-Appellees filed the present partial motion to dismiss on April 21, 2026.

On April 23, 2026, the Government moved in the district court to stay proceedings, including discovery, but did not seek a stay of the Stay Order. Dkt. No. 304. On April 29, 2026, the Government filed a Notice of Appeal from the Stay Order. Dkt. No. 306.

## ARGUMENT

## I. THE MOTION IS PREMATURE

Plaintiffs-Appellees ask this Court to resolve a question whose answer depends on outcomes that have not yet been decided. The motion is premature on two independent grounds.

### A. The Procedural Sequence This Court Directed Remains Mid-Stream

Pending before the lower court is the Rule 62(d) motion, Dkt. No. 303, filed pursuant to this Court's April 9, 2026 directive under FRAP 8(a)(1)(A).

The Rule 62(d) motion supplies significant new information to the record. On April 1, the Secretary renewed the ACIP charter. 91 Fed. Reg. 17279 (Apr. 6, 2026). The renewed charter expands the enumerated fields of expertise and directs ACIP to consider cumulative vaccine exposures, re-analyze safety and efficacy as gaps are identified, evaluate variability in immune response, and assess novel vaccine platforms. The renewed charter speaks directly to the FACA balance findings on which the Stay Order rests.

The Rule 62(d) motion also addresses the evidentiary gap on ACIP member qualifications the district court itself identified at footnote 56 of the Stay Order: defendants "provided no basis for the Court to assess how these individual's

6

experiences and qualifications relate to ACIP's functions" and "there may be evidence to demonstrate that each of these individuals have more relevant experience or expertise than what is before the Court at this juncture." App. at 448 & n.56.

This Court should let the district court do its work. Granting Plaintiffs-Appellees' motion now would short-circuit the procedural sequence this Court set in motion. If the district court denies stay relief, Appellants will renew their FRAP 8 motion in this Court under the standard preliminary injunction stay factors.

**B. This Motion Should Be Resolved with the Government's Pending Summary Affirmance Motion**

The Government filed its motion for summary affirmance of the intervention denial on April 15, 2026. Plaintiffs-Appellees filed the present motion six days later. Both are fully briefed before this Court. The Court's ruling on the Government's motion will largely answer the question Plaintiffs-Appellees raise here.

If the Court grants summary affirmance, the intervention denial stands. There is no live appellate predicate, and Plaintiffs-Appellees' motion is moot.

If the Court denies summary affirmance, the intervention appeal proceeds. If Appellants ultimately prevail on intervention, they become parties under *United*

*States v. City of Detroit*, 712 F.3d 925, 932-33 (6th Cir. 2013), and the Stay Order is appealable through ordinary party appeal. Plaintiffs-Appellees' motion is moot for that additional reason.

The Government's motion will decide whether the intervention appeal continues. If it does not, this motion is moot. If it does, this motion can be addressed on its merits or held pending resolution of the appeal.

## II. IF THE COURT REACHES THE MERITS, APPELLANTS HAVE ARTICLE III STANDING

If this Court declines to deny the motion as premature and reaches the merits, Appellants have Article III standing. Article III standing requires concrete personal injury caused by the order being challenged. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992).

Andrea Shaw and Shanticia Nelson lost children under the schedule the Stay Order restored. *See* Statement § I. The schedule remains the federal recommendation for every other child in the United States. Reversal of the Stay Order would lift the federal recommendation and allow the Secretary's January 2026 schedule revision to operate. The injuries are redressable: the regime that produced them remains in operation, and the appellate remedy would end it. *Diamond* denied a parent appellate standing absent any showing that his daughter

8

was "a minor or otherwise incapable of asserting her own rights." 476 U.S. at 65. Shaw's twins and Nelson's daughter are dead. The parents are the only persons who can advance the injury.

Drs. Paul Thomas and Kenneth Stoller had their medical licenses acted on under the ACIP framework the Stay Order restored. *See* Statement § I. *Diamond* identifies the rule that controls. "A physician has standing to challenge an abortion law that poses for him a threat of criminal prosecution." 476 U.S. at 65. "[A] physician who demonstrates that abortion funding regulations have a direct financial impact on his practice may assert the constitutional rights of other individuals." *Id.* at 65-66 (citing *Singleton v. Wulff*, 428 U.S. 106 (1976)). The *Diamond* pediatrician failed because he was a bystander to the regulatory regime he sought to defend. Drs. Thomas and Stoller are the regime's targets. The framework operates on them as physicians, the way *Diamond* recognized as conferring standing.

Children's Health Defense competes directly with AAP in the market for vaccine-related health information. *See* Statement § I. Competitor standing is a recognized basis for Article III injury where a federal action alters the competitive landscape in which the plaintiff operates. *See Mendoza v. Perez*, 754 F.3d 1002, 1011 (D.C. Cir. 2014) (parties suffer Article III injury when agencies "lift regulatory restrictions on their competitors or otherwise allow increased

competition" (quoting *La. Energy and Power Auth. v. FERC*, 141 F.3d 364, 367 (D.C. Cir. 1998))). The Stay Order is itself an order entered at AAP's request that operates in the regulatory market in which CHD competes. Reversal would remove the order AAP secured and restore the regulatory environment in which CHD competes as an organization, not as a member of an undifferentiated public.

Plaintiffs-Appellees' authorities address different kinds of appellants. The petitioners in *Hollingsworth v. Perry*, 570 U.S. 693 (2013), had only the citizen-as-citizen interest in seeing a duly enacted law enforced. *Id.* at 706. Appellants have personal injuries from the Stay Order's operation. The physicians in *Food & Drug Admin. v. Alliance for Hippocratic Medicine*, 602 U.S. 367 (2024), asserted only the contingent possibility of future patient harm. *Id.* at 382-83. The Stay Order operates on Appellants' interests directly.

Plaintiffs-Appellees' own Fourth Amended Complaint pleads Article III injury for its Jane Doe Plaintiffs based on lost sleep, headaches, and fatigue from difficulty obtaining a Covid-19 vaccine; clinically-significant sleep disturbances and stress-induced tooth-grinding requiring a dental intervention; and a teenage child's anxiety attack about a rescheduled appointment. App. at 119-120.

If those allegations are sufficient to plead Article III injury on the plaintiff side of this litigation, the documented deaths of Shaw's twin sons and Nelson's daughter, the licensure actions against Drs. Thomas and Stoller, and CHD's

10

operational injury as a direct competitor a fortiori satisfy the same standard. Plaintiffs-Appellees cannot plead a lower threshold for themselves and demand a higher one of Appellants. At a minimum, the standing question is subject to substantial dispute and is not suitable for summary disposition under Local Rule 27.0(c).

## III. THE PROPER PATH FORWARD IS THROUGH THE PENDING APPEALS, NOT SUMMARY DISPOSITION

Plaintiffs-Appellees' motion seeks summary resolution of questions that the pending appeals will decide on their own terms. The intervention appeal will determine whether Appellants are parties for purposes of appellate review. The Government's appeal of the Stay Order will determine the merits of the injunction itself. The Rule 62(d) motion in the district court will determine whether stay relief is appropriate during appellate review.

Appellants do not contend the collateral order appeal of the intervention denial reaches the Stay Order on its own. The collateral order doctrine establishes appellate jurisdiction over the intervention denial. Whether the Stay Order is reachable through that appeal depends on Appellants' party status, which depends on the merits of the intervention appeal itself.

11

If Appellants prevail on intervention, they become parties and the Stay Order is appealable through ordinary party appeal. If they do not, the Stay Order question is largely academic in this proceeding. Either way, summary disposition of the question now, before the intervention appeal is decided, is premature.

The path to emergency relief from the Stay Order's operation runs through Rule 62(d) and a renewed FRAP 8 motion, evaluated under the standard four-factor stay test: likelihood of success on the intervention appeal, irreparable harm, balance of equities, and public interest. That motion will be decided on its own terms after the district court rules on Rule 62(d). Plaintiffs-Appellees' motion does not displace that procedure.

## CONCLUSION

The motion should be denied without prejudice as premature, or held in abeyance pending resolution of the Government's summary affirmance motion and the Rule 62(d) proceeding in the district court. If the Court reaches the merits, the motion should be denied because Appellants have Article III standing, and the underlying questions about appellate review of the Stay Order properly belong to the resolution of the intervention appeal and to a future FRAP 8 motion evaluated under the standard stay factors.

Dated: May 1, 2026

Respectfully submitted,

/s/ Richard Jaffe
Richard Jaffe
428 J Street, 4th Floor
Sacramento, California 95814
(916) 492-6038
rickjaffeesquire@gmail.com

Robert N. Meltzer
Mountain States Law Group
33 Bradford Street
Concord, Massachusetts 01742
(978) 254-6289

Counsel for Appellants

## CERTIFICATE OF COMPLIANCE

This opposition complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 2,344 words, excluding the parts exempted by Fed. R. App. P. 32(f). It also complies with the typeface and type-style requirements of Fed. R. App. P. 32(a)(5)-(6) because it was prepared using Microsoft Word in Times New Roman 14-point font, a proportionally spaced typeface.

/s/ Richard Jaffe

## CERTIFICATE OF SERVICE

I hereby certify that on May 1, 2026, I electronically filed the foregoing Opposition to Plaintiffs-Appellees' Partial Motion to Dismiss with the Clerk of the Court for the United States Court of Appeals for the First Circuit by using the appellate CM/ECF system. Service will be accomplished by the appellate CM/ECF system.

/s/ Richard Jaffe

14