No. 26-1325

# UNITED STATES COURT OF APPEALS
# FOR THE FIRST CIRCUIT

---

AMERICAN ACADEMY OF PEDIATRICS; AMERICAN COLLEGE OF PHYSICIANS, INC.; AMERICAN PUBLIC HEALTH ASSOCIATION; INFECTIOUS DISEASES SOCIETY OF AMERICA; SOCIETY FOR MATERNAL-FETAL MEDICINE; JANE DOE; MASSACHUSETTS PUBLIC HEALTH ASSOCIATION d/b/a Massachusetts Public Health Alliance; MASSACHUSETTS CHAPTER OF THE AMERICAN ACADEMY OF PEDIATRICS, INC.; JANE DOE 2; and JANE DOE 3,

*Plaintiffs-Appellees,*

v.

ROBERT F. KENNEDY, JR., in his official capacity as Secretary of the Department of Health and Human Services; UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES; JAY BHATTACHARYA, in his official capacity as Acting Director of Centers for Disease Control and Prevention; CENTERS FOR DISEASE CONTROL AND PREVENTION; and DOES 1–50, inclusive,

*Defendants-Appellees.*

MARTIN MAKARY, in the official capacity as Commissioner of the Food and Drug Administration; US FOOD & DRUG ADMINISTRATION; JAY BHATTACHARYA, in the official capacity as Director of the National Institutes of Health; NATIONAL INSTITUTES OF HEALTH,

*Defendants,*

---

ANDREA SHAW, SHANTICIA NELSON, DR. PAUL THOMAS, DR. KENNETH STOLLER, and CHILDREN'S HEALTH DEFENSE, *Movants – Appellants*

---

**PLAINTIFFS-APPELLEES' REPLY MEMORANDUM IN SUPPORT OF THEIR PARTIAL MOTION TO DISMISS APPELLANTS' APPEAL FROM THE DISTRICT COURT'S MARCH 16, 2026 STAY ORDER**

**Page**

## TABLE OF CONTENTS

INTRODUCTION ....................................................................................... 1

STATEMENT OF SUPPLEMENTAL FACTS ...................................................... 3

ARGUMENT................................................................................................ 3

I.    Appellants Were Never Parties, They Concede It, and The District Court Has Confirmed It. ............................................................................ 3

II.    Appellants' Own Opposition Confirms That Their Appeal From the Intervention Denial Does Not Reach the Stay Order ................................... 5

III.    Defendants-Appellees' Pending Summary-Affirmance Motion Does Not Make Partial Dismissal Premature ............................................... 7

IV.    Rule 62(d) Does Not Confer Party Status or Cure Appellants' Lack of Appellate Standing............................................................................... 7

V.    Appellants' Remaining Jurisdictional Theories Fail and None Establish Standing To Appeal the Stay Order.................................................. 9

CONCLUSION ..........................................................................................12

CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT .................14

CERTIFICATE OF SERVICE........................................................................15

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Am. Acad. of Pediatrics v. Kennedy*,
No. 1:25-cv-11916-BEM, Dkt. No. 303 (D. Mass. Apr. 20, 2026)......................4

*Am. Acad. of Pediatrics v. Kennedy*,
No. 1:25-cv-11916-BEM, Dkt. No. 314 (D. Mass. May 6, 2026).......................2

*Dopp v. HTP Corp.*,
947 F.2d 506 (1st Cir. 1991) ..............................................................................5

*Food & Drug Admin. v. All. For Hippocratic Med.*,
602 U.S. 367 (2024)..........................................................................................10

*Hollingsworth v. Perry*,
570 U.S. 693 (2013)........................................................................................6, 9

*Kolackovsky v. Town of Rockport*,
165 F.4th 114 (1st Cir. 2026) ........................................................................... 10

*Leone v. Med. Bd. of Cal.*,
995 P.2d 191 (2000)..........................................................................................10

*Marino v. Ortiz*,
484 U.S. 301 (1988).................................................................................2, 3, 6, 7

*Mendoza v. Perez*,
754 F.3d 1002 (D.C. Cir. 2014) ........................................................................11

*Microsystems Software, Inc. v. Scandinavia Online AB*,
226 F.3d 35 (1st Cir. 2000) .............................................................................2, 4

*Sachdev v. Or. Med. Bd.*,
426 P.3d 118 (Or. Ct. App. 2018) .....................................................................10

*Steel Co. v. Citizens for a Better Env't*,
523 U.S. 83 (1998).........................................................................................6, 7

*United States v. Chiaradio*,
684 F.3d 265 (1st Cir. 2012) ...............................................................................3

**Other Authorities**

Fed. R. Civ. P. 62(d) ....................................................................*passim*

**INTRODUCTION**

Plaintiffs-Appellees' motion presents a narrow jurisdictional question: whether Movants-Appellants—whose motion to intervene was denied and who therefore remain nonparties—may prosecute an appeal from the United States District Court for the District of Massachusetts' (the "District Court's")[1] March 16, 2026 Preliminary Injunction Order (the "Stay Order").[2] App'x of Evid. in Supp. of Pls.-Appellees' Partial Mot. to Dismiss Appeal ("App'x") at 418 (District Ct. Dkt. No. 291). They may not.

Two things are now settled. First, Appellants concede the dispositive jurisdictional point: they "do not contend the collateral order appeal of the intervention denial reaches the Stay Order on its own." *See* Appellants' Opp'n to Pls.-Appellees' Partial Mot. to Dismiss ("Appellants' Opp.") at 11, Dkt. No. 00118440245. Instead, Appellants argue only that, if they later prevail on intervention, they may then seek review of the Stay Order. But hypothetical future party status cannot supply present appellate jurisdiction.

Second, on May 6, 2026, the District Court denied Appellants' pending motion for stay—the only remaining basis for their prematureness argument—

---

[1] Unless otherwise defined, capitalized terms used herein have the same meanings as those assigned in Plaintiffs-Appellees' Partial Motion to Dismiss Appellants' Appeal of the March 16, 2026 Order.

[2] Although Appellants style the March 16, 2026 Order as a preliminary injunction, Judge Murphy entered a stay order. Stay Order, District Ct. Dkt. No. 291.

holding that Appellants, "acting in this case solely as amici curiae after this Court denied their motion to intervene," provided "no authority" that they have standing to seek relief from the Stay Order at all. *Am. Acad. of Pediatrics v. Kennedy*, No. 1:25-cv-11916-BEM, Dkt. No. 314 (D. Mass. May 6, 2026) (the "May 6 Order"). That ruling eliminates Appellants' prematureness argument and confirms that their nonparty status is not a procedural technicality—it is a jurisdictional bar.

Appellants' alternative arguments fare no better. Their opposition does not address the familiar prerequisites for Article III standing and therefore fails to satisfy the independent jurisdictional threshold for appellate review. Nor does Federal Rule of Civil Procedure 62(d) assist them. Rule 62(d) does not confer party status, create appellate standing, or authorize nonparties to bootstrap merits review of an injunction they lack standing to appeal. Neither Appellants' now-denied motion for stay in the District Court, Defendants-Appellees' pending summary-affirmance motion, nor Defendants-Appellees' separate notice of appeal changes that result.

What remains of Appellants' opposition reduces to this: they believe they have suffered serious injuries; they believe the Stay Order is wrong; and they want this Court to decide so. But none of these convictions substitute for appellate standing. Under *Marino v. Ortiz*, 484 U.S. 301, 304 (1988) (per curiam), and *Microsystems Software, Inc. v. Scandinavia Online AB*, 226 F.3d 35 (1st Cir. 2000), only parties—or those who properly become parties—may appeal an adverse merits

2

order. Appellants were denied intervention, appeared only as amici, and never became parties. The motion to dismiss should be granted.

## STATEMENT OF SUPPLEMENTAL FACTS

Plaintiffs-Appellees have set out the pertinent facts in their motion. Dkt. No. 00118435255. On April 20, 2026, Appellants filed a motion to stay all proceedings in the District Court. Appellants' District Ct. Mot. for Stay, District Ct. Dkt. No. 303. On May 6, 2026, Judge Murphy denied that motion. May 6 Order, District Ct. Dkt. No. 314. He explained that Appellants had failed to provide any authority that their status as amici means that they are parties, and further held that Appellants do not have standing to seek a stay of the Stay Order. *Id.* Based on this Court's precedents, amici may not add new arguments or issues that the parties have not raised. *Id.* (citing *In re Sony BMG Music Ent.*, 564 F.3d 1, 3 (1st Cir. 2009) and *United States v. Chiaradio*, 684 F.3d 265, 284 n.7 (1st Cir. 2012)). In addition, Judge Murphy determined that Appellants, as nonparties, may not seek relief that a party has not requested. *Id.* (and citations therein).

## ARGUMENT

### I.    Appellants Were Never Parties, They Concede It, and The District Court Has Confirmed It.

The rule is simple and absolute: "only parties to a lawsuit, or those that properly become parties, may appeal an adverse judgment." *Marino*, 484 U.S. at 304. This is not a technicality; it is a jurisdictional requirement that goes to the power

of this Court to hear the appeal at all. The First Circuit applies it without exception. *Microsystems Software*, 226 F.3d at 39 ("As a general rule, only parties to a civil action are permitted to appeal from a final judgment.").

Appellants are not parties. Indeed, in Appellants' Motion for Stay of Preliminary Injunction Pending Appeal, Appellants admit they "***are not parties to this action.***" *Am. Acad. of Pediatrics v. Kennedy*, No. 1:25-cv-11916-BEM, Dkt. No. 303 (D. Mass. Apr. 20, 2026) at 9 ("Appellants' District Ct. Mot. for Stay") (emphasis added.). Their emergency motion to intervene was denied. *See* Intervention Order, App'x at 284 (District Ct. Dkt. No. 271). The District Court did not exclude them from the proceedings; it expressly limited their participation to that of amici curiae. *Id.* Appellants accepted that invitation and voluntarily filed an amicus brief opposing the preliminary injunction. Br. Amici, App'x at 287 (District Ct. Dkt. No. 281). Amicus participation, however extensive, does not confer party status. *Microsystems Software*, 226 F.3d at 42 ("[M]ere participation in the proceedings below will not suffice to confer standing upon a nonparty.").

The District Court's May 6 Order confirms Appellants' lack of standing and eliminates the basis for deferral. May 6 Order, District Ct. Dkt. No. 314. Although Appellants' opposition urged this Court to defer its ruling pending the District Court's decision on their motion to stay in the District Court, that proceeding is now closed, and it ended adversely on the exact ground at issue here. The Court held that

4

Appellants, as amici, have no standing to ask the District Court for a stay of the Stay Order. May 6 Order at 1–2, District Ct. Dkt. No. 314. The Court found no authority for the proposition that a nonparty may seek relief a party has not sought, and placed the burden on Appellants to supply such authority. They could not. *Id.*

The principle the District Court applied is the same principle that governs here: amici may not assume the functions of parties. Appellants lacked standing to seek a stay of the Stay Order from the District Court as amici and thus, necessarily lack appellate standing to ask this Court to reverse it. *See Dopp v. HTP Corp.*, 947 F.2d 506, 512 (1st Cir. 1991) ("If the rule were otherwise, Pandora's jar would be open, and strangers to a litigated case could pop in and out of the proceedings virtually at will.").

Appellant's opposition to Plaintiffs' motion called for this Court to defer any action until the District Court had ruled on Appellants' motion to stay the Stay Order. Appellants' Opp. at 7, Dkt. No. 00118440245. That argument is now moot due to Judge Murphy's order denying that motion and reconfirming that Appellants are not parties to this action. May 6 Order, District Ct. Dkt. No. 314.

## II.    Appellants' Own Opposition Confirms That Their Appeal from the Intervention Denial Does Not Reach the Stay Order

Appellants concede the dispositive jurisdictional point. They acknowledge that they "do not contend the collateral order appeal of the intervention denial

reaches the Stay Order on its own." Appellants' Opp. at 11. That is precisely why partial dismissal is warranted.

Under *Marino*, "only parties to a lawsuit, or those that properly become parties, may appeal an adverse judgment." 484 U.S. at 304. Appellants have not properly become parties. Their motion to intervene was denied. Their subsequent participation was limited to amicus status. The collateral-order doctrine does not convert Appellants into parties, and it does not open a second appeal from the Stay Order.

Appellants' contrary theory depends entirely on a future contingency: that this Court might reverse the intervention denial and direct that they be allowed to intervene. But appellate jurisdiction over the Stay Order must exist now. A hypothetical future reversal cannot create present party status or present appellate standing. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 101 (1998) (rejecting "hypothetical jurisdiction"); *Marino*, 484 U.S. at 304 ("only parties to a lawsuit, or those that properly become parties, may appeal an adverse judgment"); *Hollingsworth v. Perry*, 570 U.S. 693, 705 (2013) (Article III standing "must be met by persons seeking appellate review" and must exist "throughout all stages of litigation").

**III.    Defendants-Appellees' Pending Summary-Affirmance Motion Does Not Make Partial Dismissal Premature**

Appellants also argue that Plaintiffs-Appellees' motion should await resolution of Defendants-Appellees' motion for summary affirmance of the intervention denial. This argument conflates two different questions. Defendants-Appellees' motion concerns whether the District Court correctly denied intervention. Plaintiffs-Appellees' motion concerns whether Appellants, while still nonparties, may appeal the Stay Order. The answer to the latter question is no. *See Marino*, 484 U.S. at 304.

Nor is there any inefficiency in resolving that jurisdictional defect now. If the Court affirms the denial of intervention, dismissal of Appellants' attempted appeal from the Stay Order is plainly required. If the Court later reverses the denial of intervention, Appellants may seek relief in whatever posture the Court's mandate allows. But the possibility of future party status is not a reason to permit a present nonparty appeal to remain pending. *See Citizens for a Better Env't*, 523 U.S. at 101.

**IV.    Rule 62(d) Does Not Confer Party Status or Cure Appellants' Lack of Appellate Standing**

Appellants' reliance on Rule 62(d) does not make Plaintiffs-Appellees' motion premature and does not cure the Appellants' jurisdictional defect. Rule 62(d) allows a district court, while an appeal from an injunction is pending, to suspend, modify, restore, or grant an injunction on appropriate terms. Fed. R. Civ. P. 62(d).

7

But Rule 62(d) is procedural. It does not expand appellate jurisdiction, confer party status on nonparties, or authorize amici to seek relief from an injunction entered against the parties.

That distinction is dispositive. Appellants' motion for stay in the District Court asked the District Court to alter the Stay Order based on alleged new developments, including the April 2026 ACIP charter. But the question presented here is not whether the Stay Order should be modified, stayed, or restored. The question is whether Appellants, while still nonparties, may appeal that order at all. Rule 62(d) does not answer that question in Appellants' favor.

Nor does the April 2026 charter supply appellate jurisdiction. A post-order document may be relevant to a proper party's request for stay, modification, or other injunction-pending-appeal relief. It cannot retroactively make Appellants parties, cannot transform amicus participation into intervention, and cannot give Appellants standing to appeal an order they were not entitled to appeal when they filed their notice of appeal.

The District Court's denial of Appellants' motion for stay confirms, rather than undermines, the need for dismissal. Appellants remain nonparties. Their continued disagreement with the Stay Order does not give this Court jurisdiction over their attempted appeal from that order.

8

**V.    Appellants' Remaining Jurisdictional Theories Fail and None Establish Standing To Appeal the Stay Order**

Plaintiffs-Appellees' Partial Motion to Dismiss presented multiple arguments that establishing that Appellants lack standing to appeal the Stay Order. Dkt. No. 00118435255 at 12–19. Nothing in Appellants' opposition changes that conclusion. Appellants Shaw and Nelson are already pursuing their claims in separate litigation, in which they allege injuries caused by the actions of health care workers. Appellants' Emergency Mot. Under FRAP 8(a)(2)(A)(ii), For Relief Pending Appeal ("Appellants' Motion for Stay"), Dkt. No. 0118426790. In any event, they are not alleging any injury caused by the failure of the Defendants-Appellees to comply with the Administrative Procedure Act ("APA") or the Federal Advisory Committee Act ("FACA"), and a judgment in Plaintiffs-Appellees' favor here would not bind any Appellant. In fact, the injuries that Shaw and Nelson allege occurred **before** challenged changes were made by the Defendants-Appellees to the childhood vaccination schedule.

Appellants Thomas and Stoller acknowledge that their licenses to practice medicine in Oregon and California, respectively, were suspended or revoked. Appellants' Motion for Stay, Dkt. No. 0118426790.[3] This is a matter that under the

___

[3] Dr. Thomas entered into a stipulated order with the Oregon Medical Board on October 6, 2022, surrendering his medical license and agreeing never to reapply for a license to practice medicine in Oregon. The stipulated order expressly waives any

Tenth Amendment is reserved for regulation by the states, and any remedy they seek cannot come from a federal court. *See, e.g., Leone v. Med. Bd. of Cal.,* 995 P.2d 191 (Cal. 2000); *Sachdev v. Or. Med. Bd.*, 426 P.3d 118 (Or. Ct. App. 2018). This alone defeats their standing. In addition, their interest in this litigation is limited to their objections to general policies, which fails to establish standing under Article III. *Food & Drug Admin. v. All. for Hippocratic Med.*, 602 U.S. 367, 381–83 (2024); *Kolackovsky v. Town of Rockport*, 165 F.4th 114, 120 (1st Cir. 2026); *accord Hollingsworth*, 570 U.S. at 707 (noting Article III standing is not a "vehicle for the vindication of value interests" (citing *Diamond v. Charles*, 476 U.S. 54, 62 (1986))).

As to CHD, nothing in this litigation seeks to infringe its speech, and there is no injury in fact or any redressability. *Hippocractic Medicine* and *Kolackovsky* confirm that there is no concrete injury that can be redressed here. CHD's reference to *Mendoza v. Perez*, 754 F.3d 1002 (D.C. Cir. 2014), is entirely inapposite. In *Mendoza*, lawful immigrants under a visa program who have experience herding livestock alleged that the Department of Labor violated the APA by issuing permits

---

further administrative or judicial review of the Board's action. *Stipulated Order – Paul Norman Thomas, MD*, Oregon Medical Board, https://omb.oregon.gov/Clients/ORMB/OrderDocuments/3f4010d3-92d5-43bb-bd1b-2c16b24260f0.pdf [https://perma.cc/BWN2-KFDZ]. The order of the Medical Board of California involving Dr. Stoller's license became effective March 18, 2021. *Decision*, Medical Board of California, https://www2.mbc.ca.gov/BreezePDL/document.aspx?path=%5CDIDOCS%5C20 210209%5CDMRAAAHL23%5C&did=AAAHL210216183459888.DID [https://perma.cc/D574-F26E].

for other foreign nationals to work in the U.S. as herders without a notice and comment process. The case turned on the competitor standing doctrine, which recognizes an injury in fact "when agencies lift regulatory restrictions on their competitors or otherwise allow increased competition," and must demonstrate that its "bottom line may be adversely affected by the challenged government action." 754 F.3d at 1011, 1013 (citations omitted). CHD cannot take advantage of the competitor standing because it is not challenging the actions of a government agency. Plaintiffs are not government agencies, and they are the ones challenging the Defendants' actions. Even CHD's reference to its speech is misguided because nothing in this case seeks to limit or suppress CHD's right to publish.

Appellants' argument that it has been injured because Plaintiffs disseminate scientific and medical information based on a consensus of medical professionals and well-designed clinical research leads to an illogical result: if one publisher can successfully obtain relief from a court because another publisher disseminates information addressing the same subject matter, then this would have a chilling effect on speech or would result in censorship. The outcome of this case will have no effect on CHD's speech.

None of the points raised by Appellants can resuscitate its standing arguments. Appellants are and never were parties to this case. This Court therefore lacks jurisdiction to hear Appellants' appeal of the Stay Order.

## CONCLUSION

Nothing in Appellants' opposition cures the fundamental jurisdictional defect underlying this appeal: Appellants are nonparties to this litigation and lack standing to challenge the District Court's Stay Order. Their disagreement with the District Court's ruling does not confer appellate standing or create jurisdiction where none exists. This Court therefore lacks jurisdiction over Appellants' appeal of the Stay Order and should dismiss it in its entirety.

Respectfully submitted,

Dated: May 8, 2026

By: */s/ Elizabeth J. McEvoy*
Elizabeth J. McEvoy (1st Cir. No. 1184726)
EPSTEIN BECKER & GREEN, P.C.
One Financial Center, Suite 1520
Boston, MA 02111
Tel: 617.603.1100
Fax: 617.249.1573
Email: emcevoy@ebglaw.com

Robert Wanerman (1st Cir. No. 14799)
EPSTEIN BECKER & GREEN, P.C.
1227 25th Street, N.W., Suite 700
Washington, DC 20037
Tel: 202.861.0900
Fax: 202.296.2882
Email:        rwanerman@ebglaw.com

Maurice A. Wells (1st Cir. No. 1223202)
EPSTEIN BECKER & GREEN, P.C.
250 West Street, Suite 300
Columbus, OH 43215
Tel: 614.872.2406
Fax: 614.633.1713
Email:        mwells@ebglaw.com

James J. Oh (1st Cir. No. 1218788)
Kathleen Barrett (1st Cir. No.1216328)
EPSTEIN BECKER & GREEN, P.C.
227 West Monroe Street, Suite 4500
Chicago, IL 60606
Tel: 312.499.1400
Fax: 312.845.1998
Email:        joh@ebglaw.com
              kbarrett@ebglaw.com

13

## CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT

This document complies with the word limit of Fed. R. App. P. 27(d)(2)(A) because this document contains 2,613 words.

This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionately-spaced typeface using Microsoft Word using Times New Roman in 14-point font.

/s/ Elizabeth J. McEvoy
Elizabeth J. McEvoy

## CERTIFICATE OF SERVICE

I hereby certify that on May 8, 2026, this motion was filed electronically through the Court's CM/ECF system. I understand that the Court's CM/ECF system will send notice of this filing to all registered counsel of record.

*/s/ Elizabeth J. McEvoy*
Elizabeth J. McEvoy