No. 26-1325

## UNITED STATES COURT OF APPEALS
## FOR THE FIRST CIRCUIT

AMERICAN ACADEMY OF PEDIATRICS; AMERICAN COLLEGE OF PHYSICIANS, INC.; AMERICAN PUBLIC HEALTH ASSOCIATION; INFECTIOUS DISEASES SOCIETY OF AMERICA; SOCIETY FOR MATERNAL-FETAL MEDICINE; JANE DOE; MASSACHUSETTS PUBLIC HEALTH ASSOCIATION d/b/a Massachusetts Public Health Alliance; MASSACHUSETTS CHAPTER OF THE AMERICAN ACADEMY OF PEDIATRICS, INC.; JANE DOE 2; and JANE DOE 3,

*Plaintiffs-Appellees,*

v.

ROBERT F. KENNEDY, JR., in his official capacity as Secretary of the Department of Health and Human Services; UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES; JAY BHATTACHARYA, in his official capacity as Acting Director of Centers for Disease Control and Prevention; CENTERS FOR DISEASE CONTROL AND PREVENTION; and DOES 1–50, inclusive,

*Defendants-Appellees.*

MARTIN MAKARY, in the official capacity as Commissioner of the Food and Drug Administration; US FOOD & DRUG ADMINISTRATION; JAY BHATTACHARYA, in the official capacity as Director of the National Institutes of Health; NATIONAL INSTITUTES OF HEALTH,

*Defendants,*

ANDREA SHAW, SHANTICIA NELSON, DR. PAUL THOMAS, DR. KENNETH STOLLER, and CHILDREN'S HEALTH DEFENSE, *Movants – Appellants*

## PLAINTIFFS-APPELLEES' REPLY MEMORANDUM IN SUPPORT OF THEIR JOINDER TO DEFENDANTS-APPELLEES' MOTION FOR SUMMARY AFFIRMANCE

**PAGE**

## TABLE OF CONTENTS

I.    INTRODUCTION ................................................................................1

II.   ARGUMENT.......................................................................................2

  A.    Appellants' *Trbovich* Argument Does Not Create a Substantial Question.......................................................................................2

  B.    *Kellogg* Does Not Control This APA/FACA Case. ............................4

  C.    Appellants' Impairment Argument Fails Because Nonparty Preclusion and Rule 24 Practical Impairment Are Different Questions. ................6

  D.    The District Court Did Not Abuse Its Discretion in Denying Permissive Intervention. ...................................................................8

III.  CONCLUSION....................................................................................9

CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT..................11

CERTIFICATE OF SERVICE ..............................................................12

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*B. Fernandez & Hnos., Inc. v. Kellogg USA, Inc.*,
440 F.3d 541 (1st Cir. 2006)..............................................................1, 4

*Berger v. N.C. State Conf. of the NAACP*,
597 U.S. 179 (2022)...............................................................................4

*Cameron v. EMW Women's Surgical Ctr., P.S.C.*,
595 U.S. 267 (2022)...............................................................................4

*Caterino v. Barry*,
922 F.2d 37 (1st Cir. 1990).....................................................................9

*Daggett v. Comm'n on Governmental Ethics & Election Pracs.*,
172 F.3d 104 (1st Cir. 1999)............................................................6, 7, 8

*Dopp v. HTP Corp.*,
947 F.2d 506 (1st Cir. 1991)....................................................................7

*Maine v. Dir., U.S. Fish & Wildlife Serv.*,
262 F.3d 13 (1st Cir. 2001)..................................................................3, 5

*Mass. Food Ass'n v. Mass. Alcoholic Beverages Control Comm'n*,
197 F.3d 560 (1st Cir. 1999)................................................................3, 6

*Students for Fair Admissions, Inc. v. President & Fellows of Harvard Coll.*,
807 F.3d 472 (1st Cir. 2015)....................................................................2

*T-Mobile Ne. LLC v. Town of Barnstable*,
969 F.3d 33 (1st Cir. 2020)...............................................................2, 5, 8

*Taylor v. Sturgell*,
553 U.S. 880 (2008)............................................................................6, 7

*Travelers Indem. Co. v. Dingwell*,
884 F.2d 629 (1st Cir. 1989)....................................................................7

*Trbovich v. United Mine Workers of America*,
404 U.S. 528 (1972)......................................................................................1, 2

**Statutes**

Administrative Procedure Act.......................................................................1, 5, 7, 8

Federal Advisory Committee Act .................................................................1, 5, 7, 8

**Other Authorities**

Fed. R. Civ. P. 24 .......................................................................................................6, 9

Fed. R. Civ. P. 24(a)(2)..............................................................................................7

Fed. R. Civ. P. 24(b)(3)..............................................................................................8

## I.    INTRODUCTION

Appellants' opposition confirms that summary affirmance is warranted. Plaintiffs-Appellees' joinder does not ask this Court to decide the merits of the March 16 Preliminary Injunction Order (the "Stay Order)." It addressed the only question presented by Defendants-Appellees' summary-affirmance motion: whether the U.S. District Court for the District of Massachusetts (the "District Court") abused its discretion by denying Appellants' emergency motion to intervene. It did not.

Appellants' opposition rests on three errors. First, Appellants recast *Trbovich v. United Mine Workers of America*, 404 U.S. 528 (1972), as eliminating the presumption that Government-Defendants adequately represent aligned proposed intervenors. First Circuit precedent instructs otherwise. Second, Appellants rely on *B. Fernandez & Hnos., Inc. v. Kellogg USA, Inc.*, 440 F.3d 541 (1st Cir. 2006), but that private commercial dispute did not involve a governmental defendant defending official action, proposed intervenors seeking to inject counterclaims against plaintiffs, or an Administrative Procedure Act ("APA") or Federal Advisory Committee Act ("FACA") record-review case that had to proceed expeditiously. Third, Appellants argue impairment from the Stay Order, but their asserted injuries do not arise from any APA or FACA ruling in this case.

The District Court allowed Appellants to file an amicus brief and considered their arguments. Mem. and Order on Pls.' Mot. for Prelim. Inj. at 41, District Ct.

Dkt. No. 291. That was more than adequate to protect any legitimate interest in expressing their views without transforming this APA/FACA case into collateral litigation over vaccine safety, state medical discipline, and private counterclaims against Plaintiffs-Appellees. The denial of intervention falls well within the District Court's discretion. Summary affirmance should be granted.

## II. ARGUMENT

### A. Appellants' *Trbovich* Argument Does Not Create a Substantial Question.

Appellants first argue that Plaintiffs-Appellees read *Trbovich* too narrowly. Appellants' Opp'n to Pls.-Appellees' Joinder in Government's Mot. for Summ. Affirmance ("Opp.") at 3–5, Dkt. No. 00118441071. But Plaintiffs-Appellees do not contend that *Trbovich* applies only when a statute creates an express conflict. The point is narrower and dispositive: where, as here, the government defends its own official action and shares the proposed intervenors' ultimate objective, First Circuit precedent applies a presumption of adequate representation that Appellants failed to overcome.

The First Circuit has applied that presumption in cases involving governmental defendants repeatedly. *See T-Mobile Ne. LLC v. Town of Barnstable*, 969 F.3d 33, 39 (1st Cir. 2020) (holding presumption that governmental entity defending official action adequately represents citizens' interests applies with "full-bore" force); *Students for Fair Admissions, Inc. v. President & Fellows of Harvard*

*Coll.*, 807 F.3d 472, 475–76 (1st Cir. 2015) (explaining that, where existing party's objective is the same as proposed intervenors', intervenors must make a strong affirmative showing of inadequate representation); *Maine v. Dir., U.S. Fish & Wildlife Serv.*, 262 F.3d 13, 19–20 (1st Cir. 2001) (affirming denial of intervention where government and proposed intervenors shared objective of upholding challenged agency action); *Mass. Food Ass'n v. Mass. Alcoholic Beverages Control Comm'n*, 197 F.3d 560, 567 (1st Cir. 1999) (holding that governmental defendant's adequate representation defeated intervention where proposed intervenors sought to defend same statute through additional arguments).

Appellants made no such showing. Defendants-Appellees vigorously opposed Plaintiffs-Appellees' claims, opposed preliminary relief, opposed intervention, appealed the Stay Order, and sought summary affirmance of the intervention denial. Their decision not to seek an emergency stay does not establish inadequate representation; it reflects, at most, a reasoned litigation judgment about interim relief pending appeal. Appellants therefore cannot show inadequate representation merely by identifying additional arguments they would prefer to make. *See Mass. Food Ass'n*, 197 F.3d at 568 (holding that "variations of legal argument" do not require intervention where the governmental defendant adequately represents the proposed intervenors' objective); *Maine*, 262 F.3d at 20.

3

Nor do *Berger v. N.C. State Conf. of the NAACP*, 597 U.S. 179 (2022), and *Cameron v. EMW Women's Surgical Ctr., P.S.C.*, 595 U.S. 267 (2022), assist Appellants, as those decisions involved specific and narrow circumstances that are not present here. *See* Opp. at 4. Those decisions concerned who may defend state law when state officials' authority or willingness to defend was divided. *See N.C. State Conf.*, 597 U.S. at 193–97 (addressing intervention by state legislative leaders where state law authorized them to defend state interests); *EMW Women's Surgical Ctr.*, 595 U.S. at 280–82 (allowing state attorney general to intervene to defend state law after another state official declined to continue defense). This case presents no comparable sovereign defense problem. Defendants-Appellees are the federal officials whose actions are challenged, and they have defended those actions throughout this litigation.

### B.    *Kellogg* Does Not Control This APA/FACA Case.

Appellants next contend that *Kellogg* "governs" because their interests differ in kind or degree from Defendants-Appellees' interests. Opp. at 5–11. *Kellogg* does not control here. That case involved private entities in a commercial dispute, no governmental presumption of adequate representation, and a proposed intervenor whose direct business relationship was affected by the injunction. *Kellogg*, 440 F.3d at 545–47. The Court's concern was that the named defendant in that private dispute

had little practical incentive to protect the proposed intervenor's separate commercial interest. *Id.* at 546–47.

This case is different in every material respect. Defendants-Appellees are not indifferent private affiliates. They are the federal officials whose actions Plaintiffs-Appellees challenge under the APA and FACA. Their objective is to defeat Plaintiffs-Appellees' claims and defend the challenged federal actions—the same objective Appellants identify when they seek to prevent restoration of the prior immunization schedule and defend the reconstituted ACIP. That shared objective triggers, rather than defeats, the First Circuit's adequacy presumption. *See T-Mobile*, 969 F.3d at 39; *Maine*, 262 F.3d at 19–20.

Appellants' contrary argument rests on proposed merits theories that Defendants-Appellees supposedly "cannot" press, including assertions about the cumulative safety of the childhood immunization schedule and Institute of Medicine reports. Opp. at 7–9. But those theories are not defenses to Plaintiffs-Appellees' APA and FACA claims. Plaintiffs-Appellees challenge whether Defendants-Appellees complied with governing procedures and reasoned decision-making requirements when they changed federal vaccine policy and the reconstituted ACIP. Appellants' preferred arguments would convert this case into a sprawling referendum on vaccine safety, private tort allegations, medical-board proceedings,

5

and Appellants' separate litigation against AAP. Federal Rule of Civil Procedure 24 does not require intervention so that nonparties may transform the case.

The District Court avoided that expansion while still permitting Appellants to be heard as amici. That case-management judgment was well within its discretion. *See Daggett v. Comm'n on Governmental Ethics & Election Pracs.*, 172 F.3d 104, 113 (1st Cir. 1999) (affirming denial of intervention where amicus participation adequately protected proposed intervenors' ability to present their views and intervention would complicate expedited proceedings); *Mass. Food Ass'n*, 197 F.3d at 568 (affirming denial of permissive intervention where additional arguments could be presented by amici). Here, Appellants have not provided any reason why their amicus brief was an inadequate vehicle. *Daggett*, 172 F.3d at 112.

## C. Appellants' Impairment Argument Fails Because Nonparty Preclusion and Rule 24 Practical Impairment Are Different Questions.

Appellants argue that Plaintiffs-Appellees "cannot have it both ways" because they contend both that Appellants are adequately represented and that Appellants will not be formally bound by the judgment. Opp. at 11–15. That is not a contradiction. Adequate representation for intervention purposes and nonparty preclusion under *Taylor v. Sturgell*, 553 U.S. 880 (2008), are distinct inquiries serving distinct purposes.

*Taylor* addressed when a nonparty may be bound by a prior judgment for preclusion purposes. 553 U.S. at 892–95. The Court in *Taylor* did not hold that every proposed intervenor whose interests are adequately represented becomes precluded by every judgment, nor did it displace Rule 24(a)(2)'s separate requirement that the movant show practical impairment. *Id.*; *see Daggett*, 172 F.3d at 110 (distinguishing formal preclusion from practical impairment under Rule 24(a)(2)).

Appellants still have not shown practical impairment. Shaw and Nelson remain free to litigate their separate claims in the District of Columbia. Drs. Thomas and Stoller remain free to pursue whatever remedies are available under state medical licensing law. CHD remains free to publish, advocate, and criticize Plaintiffs-Appellees. A ruling that Defendants-Appellees violated the APA or FACA will not adjudicate Appellants' tort, licensing, or speech interests. Nor will it bind the defendants in Appellants' separate cases or restore or revoke any medical license.

Appellants' contrary position would make intervention mandatory whenever a proposed intervenor alleges that equitable relief such as the Stay Order here affects its policy preferences or advocacy interests. That is not the law. *See Dopp v. HTP Corp.*, 947 F.2d 506, 512 (1st Cir. 1991) (holding that indirect or incidental effect on nonparty does not create appellate standing and warning that otherwise "strangers to a litigated case could pop in and out of the proceedings virtually at will"); *Travelers Indem. Co. v. Dingwell*, 884 F.2d 629, 638–39 (1st Cir. 1989) (affirming

7

denial of intervention where proposed intervenors' interests were collateral to claims being adjudicated).

### D.   The District Court Did Not Abuse Its Discretion in Denying Permissive Intervention.

Appellants' response to permissive intervention adds nothing. Opp. at 15–16. They contend that intervention would not cause delay because the Stay Order already has been entered. But the relevant question is not whether Plaintiffs-Appellees have interim protection; it is whether adding new parties, counterclaims, factual theories, and collateral disputes would unduly delay or prejudice adjudication of the original parties' rights. Fed. R. Civ. P. 24(b)(3). The District Court was entitled to conclude that it would.

This case concerns APA and FACA challenges of urgent public health importance. Appellants sought not merely to appear as defendants, but to become counterclaim plaintiffs asserting claims against Plaintiffs-Appellees and to inject evidence and theories far outside the administrative-law issues already before the Court. The District Court reasonably avoided that expansion, particularly after allowing Appellants to submit their views as amici.

The First Circuit gives district courts especially broad discretion over permissive intervention. *T-Mobile*, 969 F.3d at 40–41 (explaining that courts may consider "almost any factor rationally relevant" and that denial of permissive intervention is rarely reversed); *Daggett*, 172 F.3d at 113 (deferring to district court's

8

judgment that intervention would complicate expedited proceedings); *Caterino v. Barry*, 922 F.2d 37, 39 (1st Cir. 1990) (holding that denial of intervention as of right "effectively disposes of the permissive intervention question as well"). Appellants identify no authority requiring reversal of a district court's denial of permissive intervention on this record.

## III.   CONCLUSION

The District Court denied intervention, permitted Appellants to participate as amici, and considered their arguments. That ruling was, at minimum, within the broad discretion afforded to district courts under Rule 24. Appellants' opposition identifies no substantial question warranting further briefing or reversal. Plaintiffs-Appellees respectfully request that the Court grant Defendants-Appellees' motion for summary affirmance and Plaintiffs-Appellees' joinder.

Dated: May 11, 2026                          Respectfully submitted,

*By: /s/ Robert E. Wanerman*
Robert E. Wanerman (1st Cir. No. 14799)
EPSTEIN BECKER & GREEN, P.C.
1227 25th Street, N.W., Suite 700
Washington, DC 20037
Tel: 202.861.0900
Fax: 202.296.2882
Email: rwanerman@ebglaw.com

Maurice A. Wells (1st Cir. No. 1223202)
EPSTEIN BECKER & GREEN, P.C.

9

250 West Street, Suite 300
Columbus, OH 43215
Tel: 614.872.2406
Fax: 614.633.1713
Email: mwells@ebglaw.com

James J. Oh (1st Cir. No. 1218788)
Kathleen Barrett (1st Cir. No.1216328)
EPSTEIN BECKER & GREEN, P.C.
227 West Monroe Street, Suite 4500
Chicago, IL 60606
Tel: 312.499.1400
Fax: 312.845.1998
Email: joh@ebglaw.com
          kbarrett@ebglaw.com

Elizabeth J. McEvoy (1st Cir. No. 1184726)
EPSTEIN BECKER & GREEN, P.C.
One Financial Center, Suite 1520
Boston, MA 02111
Tel: 617.603.1100
Fax: 617.249.1573
Email: emcevoy@ebglaw.com

## CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT

This document complies with the word limit of Fed. R. App. P. 27(d)(2)(A) because this document contains 1,785 words.

This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionately spaced typeface using Microsoft Word using Times New Roman in 14-point font.

*/s/ Robert E. Wanerman*
Robert E. Wanerman

## CERTIFICATE OF SERVICE

I hereby certify that on May 11, 2026, this motion was filed electronically through the Court's CM/ECF system. I understand that the Court's CM/ECF system will send notice of this filing to all registered counsel of record.

*/s/ Robert E. Wanerman*
Robert E. Wanerman